## Samuel W. Winefield, Defendant in Error, v. Louis Feder, Plaintiff in Error.

### Gen. No. 16,323.

1. TRIAL—*effect of opening statement.* ''A party is not confined in the introduction of evidence to the statement made in the opening.''

2. CONTRACTS—*when past services constitute sufficient consideration.* If such services were rendered at the request of the party sought to be charged they constitute a sufficient consideration.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 11, 1912.

BROWN & NAVIGATO, for plaintiff in error.

MOSES ROSENTHAL & KENNEDY, for defendant in error; JULIUS MOSES and WALTER BACHRACH, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Samuel W. Winefield, hereinafter called the plaintiff, recovered a judgment against Louis Feder, hereinafter called the defendant, for $500 for commissions claimed under a special verbal contract, whereby the defendant agreed to pay plaintiff said amount if he should secure a purchaser of real estate belonging to the defendant, for $76,000.

It is sought to reverse this judgment for the reason, as it is claimed, that the evidence does not show

an enforceable contract or agreement, and hence the trial court should have instructed the jury to find the issues for the defendant.

The evidence shows that the defendant employed plaintiff to procure a purchaser for defendant's property. Plaintiff did so, in the person of B. J. Cahn, who, after some negotiations with the defendant, arrived at an agreement with him as to the price and terms of purchase. At that time the defendant notified plaintiff by telephone that he was closing the deal with Cahn, but that the plaintiff would have to be satisfied with $500 commissions. Plaintiff at first objected and wanted $1,000, but finally agreed to take $500, saying to defendant, "All right; go ahead and close it up. I am satisfied." It was agreed between the defendant and Cahn that Cahn should pay $5,000 down, upon receiving the contract of purchase signed by the defendant and his wife, and defendant took the contract away with him to procure his wife's signature. Nothing further was done in the matter.

These facts clearly establish an agreement by defendant to pay $500 to the plaintiff, and his right to a judgment for the same.

Counsel for plaintiff, in his opening statement to the jury, made some statement to the effect that between July 6th and 8th the matter had been abandoned, and it is argued that plaintiff was bound thereby, and that it was error to admit evidence of what was done during that period. We do not agree with this claim. "A party * * * is not confined in the introduction of evidence to the statement made in the opening, if one is made." Pietsch v. Pietsch, 245 Ill. 454 (457).

As to the point that a past act cannot serve as a consideration for a promise, it is sufficient to say that the prior services were rendered at the request of Feder. Our Supreme Court in Carson v. Clark, 2

482    APPELLATE COURTS OF ILLINOIS.

St. Louis S. W. R. Co. v. White Lumber Co., 169 Ill. App. 482.

Ill. 113 (114), held: "If the consideration for the promise be past and executed, it can then be enforced only upon the ground that the consideration or service was rendered at the request of the party promising. This request must be averred and proved, or the moral obligation under which the party was placed, and the beneficial nature of the service, must be of such a character that it will necessarily be implied." See also 1 Parsons on Contracts, 468.

There was no reversible error in the rulings of the court upon the admissibility of testimony. The judgment is affirmed.

*Affirmed.*