[No. 9335.   Department One. — January 27, 1886.]

## WILLIAM F. STUART, Respondent, *v.* A. M. HOFFMAN, Appellant.

VERDICT — CONFLICT OF EVIDENCE. — Where the evidence is substantially conflicting, a verdict will not be disturbed on the ground that it is contrary to the evidence.

ID. — MALICIOUS PROSECUTION — EXCESSIVE DAMAGES. — In an action to recover damages for a malicious prosecution, a verdict of seven hundred and fifty dollars in favor of the plaintiff, *held,* not excessive.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. P. Poole,* and *Thornton & Merzbach,* for Appellant.

*F. J. Castelhun,* for Respondent.

SEARLS, C.—This is an action to recover damages for malicious prosecution. The complaint is in the usual form, and its material allegations are negatived by the answer.

The cause was tried by a jury, and a verdict of $750 rendered in favor of plaintiff, upon which judgment was entered.   Defendant applied for a new trial, which was denied, and from the judgment and order denying the motion for a new trial this appeal is prosecuted.   Appellant contends the evidence is insufficient to sustain the verdict, because the arrest of plaintiff by the procurement of defendant was upon probable cause, and not malicious.

That the verdict will not be disturbed where there is a substantial conflict in the evidence is admitted; but the contention of appellant is, that, notwithstanding the rule, the present case, by reason of the great preponderance of the evidence in favor of defendant, stands as an exception.

The earnestness and apparent sincerity with which this plea is urged entitles the claim to careful consideration, and we have more than once perused the record, but always with the result of a settled conviction that the testimony involves a substantial conflict, and that in all human probability some portions of it are untrue.

It was the peculiar province of the jury to give credit where due, to reconcile discrepancies and decide upon the weight of evidence thus conflicting; and having done so, we are not at liberty to disturb the verdict upon the ground that it is contrary to the evidence.

2. The damages are not, all the circumstances considered, so excessive as to warrant the inference that they are the result of passion or prejudice, and are not so excessive as to warrant us in disturbing the verdict.

3. A number of exceptions were reserved at the trial to rulings of the court upon testimony offered.   They are, for the most part, predicated upon unimportant matters, and we deem the rulings either correct or of no consequence in their effect upon the final result.

4. The court, upon his own motion so far as appears, gave to the jury thirty-three instructions, in which, as it seems to us, he very clearly embodied the law applicable to the case.

The instructions asked by the defendant and refused by the court, so far as proper to be given, were contained in the charge of the court.

So far from being subject to criticism, we think the instructions of the learned judge who presided at the trial are a model of perspicuity for actions of this character.

We should prefer to examine consecutively and pass separately upon each and every exception taken at the trial in all cases submitted to us for decision, lest counsel may feel that a point not mentioned has not been examined; but under the pressure of accumulated business, we feel that this cannot be done without greater delay than is warranted by the conditions surrounding us.

We are of opinion the judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.