DeWane v. Hansow.

## Martin DeWane v. Theodore Hansow.

1. PRACTICE—*Opening Statements on the Trial of Appeal Cases.*—On the trial of an action in the Circuit Court on appeal from a justice of the peace, the plaintiff is not bound by the opening statement made by his counsel in presenting the case to the jury.

2. SAME—*Office of an Opening Statement.*—The office of an opening statement is to enlighten the jury upon the issues involved so as to prepare their minds for the evidence, and the attorney making it should confine himself to the proposed proofs and make it sufficiently full for their understanding of the case. The plaintiff should not be confined in his evidence to the facts recited in the statement.

3. NECESSARIES—*The Parent Bound for.*—The parent is bound for necessaries furnished his minor child when the child is living apart from him with his consent.

Memorandum.—Assumpsit for necessaries, etc. In the Circuit Court of Boone County, on appeal from a justice of the peace; the Hon. JAMES GOGGIN, Judge, presiding. Verdict for defendant by direction of the court; appeal by plaintiff. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed January 24, 1895.

C. B. DEAN, attorney for appellant.

WM. L. PIERCE and R. W. WRIGHT, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was commenced before a justice of the peace by appellant, to recover for the board, care and nursing of appellee's minor son, furnished him while confined at appellant's house with a broken leg.

Appellant recovered before the justice, but appellee appealed to the Circuit Court.

Upon the trial in the Circuit Court counsel for appellant, in his opening statement to the jury, stated in substance that the defendant's minor son, who had been in the employ of the plaintiff, had his leg broken by the falling of a horse which he was riding, making it necessary that he should have immediate care and attention; that he was taken to plaintiff's house, where he was boarded and nursed until his recovery; that on the day following the injury, plaintiff requested the defendant, who had consented to his minor son's employment by the plaintiff, to come and care for his son, which the defendant refused to do, stating that the county would have to care for him; that he then told the defendant that if the boy continued to remain at his house he should care for him and nurse him and look to the defendant for payment of the expense of doing so; that he, on other occasions afterward, while the boy was still under treatment at his house, requested the defendant to take him away and care for him, which defendant refused to do, and that this suit was to recover for the reasonable expenses for boarding, waiting upon and nursing of such son until the time of his recovery.

Appellant was introduced as a witness, and after stating how the accident occurred, said that he acquainted appellee with the matter the next morning and requested him to take his son away and care for him, which appellee refused to do, saying that he would have nothing to do with his son; that he cared for him twenty days and nursed him; but before his testimony was concluded, appellee moved to exclude all the testimony which had been given. The court sustained

the motion, remarking that he would hear no more of it, that the case had been stated and the motion should be sustained. Appellant then offered to produce further testimony, which was refused. The court then directed a verdict by the jury for the defendant.

The court evidently was of the opinion that the plaintiff was bound by the opening statement made by his counsel to the jury, and that he did not state such a case as entitled him to a recovery against the defendant. Such a view puts the opening statement in an appeal from a justice of the peace upon the same footing of a declaration in an original common law case, and it is contended by appellee that if the statement does not show a cause of action, the court should direct a verdict for the defendant.

We are not inclined to take this view of the law. While the office of a jury statement is to enlighten the jury upon the issues involved, so as to prepare their minds for the evidence to be heard, and the attorney making it should confine himself to the proposed proofs and make it sufficiently full for their understanding of the case, the plaintiff is not confined to the facts recited in the statement. He would be entitled to introduce evidence and prove a case if no opening statement at all had been made.

But the statement made in this case does show a cause of action.

The parent is bound for necessaries furnished his minor child, if the parent refuses to furnish them when the child is living apart from the parent with his consent. McMillan v. Lee, 78 Ill. 443; Clark v. Gotts, 1 App. 454; Porter v. Powell, 79 Iowa, 151. Reversed and remanded.