Frank S. Lusk et al. v. Ben Throop et al.

89 509
a189s 127

1. EVIDENCE—*Introduction of Written Instruments.*—An instrument in writing, which tends to show a recognition of liability on the part of the defendants, is properly allowed to go to the jury for their consideration.

2. PRACTICE—*Plaintiff Not Confined to Facts Recited in Jury Statement.*—While the office of statement to the jury is to enlighten them upon the issues involved so as to prepare their minds for the evidence to be heard, and the attorney making it should confine himself to the proposed proofs and make it sufficiently full for their understanding of the case, the plaintiff is not confined to the facts recited in the statement.

3. SAME—*Counsel Not Confined in the Introduction of Evidence to His Opening Statement.*—Counsel is not confined in the introduction of evidence to the statement which he makes in the opening of his case.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

D. T. SMILEY, attorney for appellants.

C. P. BARNES, F. R. JACKMAN and F. B. BENNETT, attorneys for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action of assumpsit brought to recover the value of certain supplies sold and delivered by appellees to the firm of Carlson & Olson under an alleged agreement with appellants, made prior to their delivery, to pay for the same.

It appears from the evidence that in the fall of 1897, appellants, under the firm name of D. D. Streeter & Company, were engaged in constructing a line of railroad in McHenry county, Illinois, under a contract with the Chicago & North-Western Railway Company. A portion of the work was sublet by appellants to said firm of Carlson

& Olson. Appellants were at the time merchants, carrying on a general store at the village of Nunda, in said county, and Carlson & Olson applied to them to obtain supplies for themselves and their employes while carrying on their work. After some negotiations between them, during which a conversation in reference to the matter was had by the parties with Frank S. Lusk, a member of appellants' firm, appellees proceeded to sell and deliver to Carlson & Olson the supplies called for by them. The goods were charged on the books of appellees under the heading of "Carlson & Olson" and "Streeter & Company." At the same time appellees carried on a separate account upon their books with D. D. Streeter & Co. Appellees continued furnishing goods to Carlson & Olson until July 4, 1898, about which time the latter firm failed, owing appellees a considerable amount. Appellants paid out all the moneys in their hands belonging to Carlson & Olson, to the latter's creditors, but there was still due to appellees, after giving credit for the amount so paid to them, a balance of $1,297.77. Appellants refused to pay the balance due to appellees, and the latter brought suit for the same.

The principal controversy between the parties was as to the declarations made by the appellant Lusk, under which the goods were furnished. On the one hand appellees claim that Lusk told them to furnish Carlson & Olson with what groceries and supplies they wanted, and appellants would pay for them; and on the other hand appellants claimed that Lusk told appellees that if they allowed Carlson & Olson to have goods necessary for their camp he would see that they were paid for the same out of any moneys that might be going to Carlson & Olson for work they have performed, before the latter received any money themselves. The case was tried before a jury, which returned a verdict for the sum claimed by appellees and interest, amounting in all to $1,380.70; and a motion for a new trial having been overruled, judgment was entered for that amount.

The errors assigned and argued by appellants are the

refusal of the court to direct a verdict in favor of defendants, the admission in evidence of a certain writing offered by plaintiffs, the giving of certain instructions and refusal of others, and that the verdict was contrary to the law and the evidence. At the close of plaintiffs' testimony and again at the close of all the evidence in the case, defendants entered a motion requesting the court to withdraw the evidence from the consideration of the jury and direct a verdict in their favor, which the court refused to do.

Under the proofs the action of the court was manifestly proper and it would have been error had the motion of appellants been granted. The instrument in writing above referred to, known as plaintiffs' " Exhibit A," which was admitted in evidence over the objection of appellant, was unsigned, and was as follows :

" Nunda, Illinois, January 24, 1898.
In consideration of the release of four teams and harness pledged by Carlson & Olson for the fulfillment of their certain contract attached thereto, we expressly state and hereby agree that said release by D. D. Streeter & Co. was for our benefit, and that said release was not made to cover any liability of said D. D. Streeter & Co. to us, which we further emphasize by now saying that we have no claim of any nature whatsoever against said D. D. Streeter & Co. or D. D. Streeter."

It appears that the instrument was prepared by the attorney for appellants and presented to appellees, who took a copy but refused to sign it. The original was lost and proper foundation was laid for the introduction of the copy in evidence. It is insisted that it should not have been admitted because it was simply an offer of compromise on the part of appellants. There was no evidence, however, that it was intended as a compromise, and it tended to show a recognition of liability on the part of appellants to appellees. It was therefore proper for it to go to the jury for their consideration.

A careful consideration of the instructions given for plaintiffs leads us to believe that they are substantially the law, and contain nothing that would unjustly prejudice the rights of the appellants. Two instructions only were re-

fused for the defendants. The first of these was fully covered by other instructions given for the defendants. The other told the jury " as a matter of law that any statement made by counsel for plaintiffs in his opening statement to you about what the evidence would show, is as binding upon the plaintiffs as if plaintiffs themselves had made such statement, and as such should be considered by you in making up your verdict."

It appeared that one of the counsel for appellees in making his opening statement told the jury that Lusk told the appellees to go on and permit Carlson & Olson to have " goods and supplies as they wanted them from time to time and that they (Streeter & Co.) would see they would receive their pay; guaranteed to them that they would pay them for these goods."

It is argued by appellants that appellees were bound by this statement and that they could not show in contradiction of it an original promise to pay, instead of a guaranty. We do not think the position of appellants correct. In the case of DeWane v. Hansow, 56 Ill. App. 575, it was said :

" While the office of a jury statement is to enlighten the jury upon the issues involved so as to prepare their minds for the evidence to be heard, and the attorney making it should confine himself to the proposed proofs and make it sufficiently full for their understanding of the case, the plaintiff is not confined to the facts recited in the statement."

It is also said by Thompson in his work on Trials, Vol. 1, Sec. 267, that " counsel is not confined in the introduction of evidence to the statement which he makes in the opening of his case, since this would oblige him at his peril to announce to the jury each item of evidence which he intended to introduce." The instruction was therefore properly refused.

The evidence in the case so far as it concerned the undertaking of appellants was conflicting. Lusk swore to a state of facts which would bind appellants only to distribute the money earned by Carlson & Olson among creditors of the latter in payment of their debts; while the appellees swore

to a state of facts constituting an original promise on the part of Lusk for his firm to pay appellees for such supplies as they should thereafter furnish Carlson & Olson. We are of opinion that the preponderance of the evidence was with appellees and that the jury was warranted in finding the facts for them.

The *ad damnum* in the declaration was for only the sum of $1,297.77, while the verdict of the jury and the judgment of the court were for $1,380.70. The latter sum included the former and certain interest upon monthly statements proved to have been made by appellees to appellants, which there was evidence tending to show that Lusk promised to pay. As no error is assigned by appellants upon this discrepancy and no mention of the matter is made by counsel for either party in their briefs, we will not consider it here.

The judgment of the court below is affirmed.