364    APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Martin Emerich Outfitting Co. v. Siegel, Cooper & Co.

## Martin Emerich Outfitting Co. v. Siegel, Cooper & Co.

1. PRACTICE—*Power of the Court to Direct a Verdict upon the Insufficiency of the Opening Statement of Plaintiff's Attorney.*—In a case not founded upon a corrupt cause of action, the trial judge has no power after issue joined to direct a verdict solely upon the insufficiency of the opening statement of the attorney for the plaintiff.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed June 18, 1903.

November 10, 1900, appellant brought an assumpsit against appellee upon a written agreement, whereby appellee agreed to furnish appellant certain space in its store building on the southeast corner of Adams and State streets in the city of Chicago for the sale of furniture, at a stipulated rent per month for the term of five years from September 1, 1890.

The first count of the declaration set up the agreement *in extenso*, and alleged that although appellant had kept and performed all the conditions therein on its part to be kept and performed, appellee neglected and refused to furnish such space.

The second count also recites the agreement, and alleged that September 1, 1890, appellant entered into possession of such space and kept and performed all the conditions specified in said agreement upon its part to be kept and performed, yet appellee, October 6, 1891, refused any longer to set aside said space, or any portion thereof, for the use of appellant, but wholly ousted appellant therefrom.

To this declaration appellee filed four pleas, namely: First,

non-assumpsit; second, that the causes of action mentioned in the first count did not accrue to appellant within ten years next before the commencement of the suit; third, that the causes of action mentioned in the second count did not accrue to appellant within five years next before the commencement of the suit; and, fourth, that as to the second count, on August 3, 1891, said store building, without fault on the part of appellee, was utterly consumed and destroyed by fire and thereby rendered utterly untenantable and incapable of being repaired, and appellee thereafter did not use or occupy said premises or any part thereof for the transaction of its business.

Two additional counts to the declaration were filed January 15, 1902. The first of these counts set up the agreement, alleged that appellant took possession of such space September 1, 1891, and kept and performed all the conditions in said agreement by it to be kept and performed; that appellee carried on in said building what is known as a department store, and that by said agreement appellant was to conduct in said store a department for the sale of furniture; that October 6, 1891, said premises were destroyed by fire and were not at any time thereafter occupied by appellee, and October 10, 1891, appellant resumed its said business in a building situate on the northeast corner of Adams street and Wabash avenue in said city, and refused to set apart for the use of appellee any space in said last mentioned premises.

The second additional count, in varying words, sets up the same facts.

To these counts appellee filed the following pleas : First, non-assumpsit; second, that said additional counts set forth different causes of action than those embodied in the original declaration, and that the causes of action in said additional counts did not accrue to appellee within ten years next before the filing of the same; third, that said first named premises were destroyed by fire, etc., the plea being in substance the same as is the fourth plea to the second count of the original declaration. A plea to the same effect as the last was filed to the first count. Issue was joined, the

·366 APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Martin Emerich Outfitting Co. v. Siegel, Cooper & Co.

case was called for trial, a jury was selected, and counsel for appellant made an opening statement to the court and jury. At the conclusion of that statement appellee moved the court to instruct the jury to find the issues for the appellee upon the opening statement of what appellee proposed to prove and the pleadings in the cause. Appellant objected. The objection was overruled, and an exception thereto was taken. Appellant thereupon, by leave of the court, made an additional statement to the jury, and asked the court for leave to introduce its evidence, but the court denied this request, to which an exception was taken. Thereupon the court instructed the jury to find in favor of appellee upon the opening statement of counsel and the pleadings in the case. Exceptions were taken to the sustaining of such motion and to the giving of such instruction. The jury rendered a verdict as instructed by the court; to the entry of which verdict appellant excepted.

Its motion for new trial having been overruled, appellant perfected this appeal.

NEWMAN, NORTHRUP, LEVINSON & BECKER, attorneys for appellant.

BINSWANGER & JACKSON, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

That counsel for appellee considered the declaration stated a cause of action is evidenced by the fact that they did not demur thereto, but pleaded to it. It follows that if the judgment of the Circuit Court is sustained, it must be sustained upon the sole ground that the facts stated by counsel for appellant in his opening address to the jury showed that appellant was not entitled to recover in this action. Haley v. The Western Transit Co., 76 Wis. 344.

"If the declaration is defective the point may be raised by demurrer, or if the defect is one which is not cured by verdict it may be raised on motion in arrest of judgment or on error, but such defect can not be reached by demurrer to the evidence." Gerke v. Fancher, 158 Ill. 375, 382.

It would often save the expense and labor of a long trial if counsel were to state in their opening the case precisely as it could be established by competent evidence, and then take the opinion of the court as to whether or not the action would lie. In such instances the power of the court to pass upon the question is undoubted. But such is not this case. Here the appellant objected to such action upon the part of the court, and denied that the court had the power to thus peremptorily direct the jury to find for appellee.

We have not considered it necessary to set out the opening statement of counsel for appellant, for we think that this case must be decided upon the power or the lack of power in the trial judge, after issue joined, to direct a verdict in a case not founded upon a corrupt cause of action solely upon the insufficiency of the opening statement of the attorney for the plaintiff. The authorities upon this question are not in accord.

In the courts of the United States the settled rule is, where it is shown by the opening statement of counsel for the plaintiff that the contract on which the suit is brought is void as being either in violation of law or against public policy, the court may and should direct the jury to find a verdict for the defendant. Oscanyan v. Arms Co., 103 U. S. 261. In that case the plaintiff sued to recover commissions arising out of a sale of arms to the Turkish government, of which he was then Consul General at the port of New York. The sale was made through the influence which he exerted upon the agent of that government sent to this country to examine and report in regard to the purchase of arms. The court further holds that whenever it appears that the contract sued upon is a corrupt one, forbidden by morality and public policy, the court is bound to raise the question in the interest of due administration of justice. The court will not listen to claims founded upon services rendered in violation of common decency, of public morality or of the law.

No decision of the Federal courts has been pointed out to us, nor do we know of any, where, on the opening

368    APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Martin Emerich Outfitting Co. v. Siegel, Cooper & Co.

statement of counsel for the plaintiff, the jury has been instructed to find for the defendant on the sole ground that the facts appearing in such statement were insufficient to constitute a cause of action.

In Crisup v. Grosslight, 79 Mich. 380, in his opening statement, counsel for plaintiff said that the suit was founded upon an agreement by the defendant, who was charged with receiving stolen property, to pay the plaintiff, an attorney, the sum of $200 to get a witness for the State released from custody and get him out of the way, so that he might not appear as a witness against the defendant. Upon that statement the court directed a verdict for the defendant. Afterward, and in open court, counsel for the respective parties agreed that this verdict should stand, or that judgment for the plaintiff might be entered. Thereupon the court set aside the verdict, and directed a verdict to be entered for the plaintiff for $200, to which direction defendant's counsel duly excepted. Judgment was entered on this last verdict, and the defendant sued out a writ of error. The court say:

"The judgment can not stand. Upon plaintiff's statement of his cause of action, the verdict was right as first entered. * * * A more shameful statement of a disreputable and criminal bargain, sought to be enforced in a court of justice, has seldom, if ever, been presented."

It will be noted that in each of these cases the court lays stress upon the criminal and corrupt character of the cause of action. In the case at bar the cause of action, if any, set out in the declaration, is not a corrupt one, nor is it forbidden by morality nor by public policy, nor is it in violation of the law.

In England the law in this regard was stated in 1891 by the Court of Appeals in Fletcher v. London & N. W. Ry. Co., 65 Law Times Reporter, 605. After plaintiff's counsel had opened his case to the jury the trial judge, without the consent of such counsel, took the case from the jury. Upon appeal Lord Esher said:

"I am of the opinion that the judge at the trial struck too soon, even if he was entitled to strike at all, Further

than that, I am of opinion that a judge at the trial has no right to nonsuit a plaintiff upon his counsel's opening statement without the consent of his counsel. The opening statement of counsel may be wrong as to some facts upon the instructions contained in his brief, or by accident; in spite of the greatest care the evidence given may differ from the facts stated in the opening statement. * * * I therefore lay down this proposition to the full extent, that a judge at the trial has no right to nonsuit the plaintiff upon the opening of. his counsel, unless counsel consents. In this case Mr. Kennedy insisted upon his right to call evidence, but the judge said he would act notwithstanding, and insisted upon nonsuiting the plaintiff. In so doing he was wrong, and this case must be tried."

Lopes, L. J., said:

" In my opinion no judge has power to nonsuit a plaintiff upon his counsel's opening without counsel's consent."

Kay, L. J., added:

" I was startled by the supposition that a suitor might lose his case because his counsel has omitted or misstated something in his opening which would induce a jury to find for the plaintiff. That would be a startling result in an English court of justice."

The general rule in the state courts seems to be, where issue has been joined, that it is error for the trial judge to direct a verdict for the defendant upon the opening statement of plaintiff's counsel.

In Leonard v. Beaudry, 68 Mich. 312, the court sustained a motion to enter a verdict for the defendant, in an action to recover damages for a breach of contract, upon the opening statement of counsel for the plaintiff. Upon appeal the Supreme Court, in reversing the judgment, say:

"It is not good practice to decide a case upon the opening of counsel, and the cases are exceptional where it can be safely done."

This case is not referred to in the later case of Crisup v. Grosslight, *supra*, from which fact the inference that the latter case is "exceptional" may be fairly drawn.

In Wisconsin it is said:

" The practice of granting a nonsuit, much less of dismissing the complaint, on the opening statement of the

case by counsel for the plaintiff, does not prevail, and never has prevailed, in this state. * * * We are not willing to depart in this case from an old and salutary rule of practice, even though counsel consent that we may do so." Haley v. The Western T. Co., 76 Wis. 344.

In California it is stated :

" We would observe that it would be much better not to nonsuit on an opening statement, unless it is clearly made, and it is plainly evident therefrom that, no case can be made out. It is much better to permit the plaintiff to put in his testimony, and that the motion should then be made. It will be found, on pursuing this course, that on many occasions there would be no ground of nonsuit." Emmerson v. Weeks, 58 Cal. 382.

The opinion in Jones v. Baltimore & P. R. R. Co., 5 Mackey (D. C.), 8, is to the like effect.

Whatever may be the rule elsewhere it is settled in this state against the contention of appellee in Lusk v. Throop, 189 Ill. 127, 143. The refusal of the following instruction was assigned for error :

" The court instructs the jury as a matter of law that any statement made by counsel for plaintiffs in his opening statement to you about what the evidence would show, is as binding upon these plaintiffs as if the plaintiffs themselves had made such statement, and as such should be considered by you in making your verdict."

The court say :

" This instruction was properly refused. In DeWane v. Hansow, 56 Ill. App. 575, it was said : ' While the office of a jury statement is to enlighten the jury upon the issues involved, so as to prepare their minds for the evidence to be heard, and the attorney making it should confine himself to the proposed proofs, and make it sufficiently full for their understanding of the case, the plaintiff is not confined to the facts recited in the statement.' Thompson in his work on Trials (Vol. 1, Sec. 267) says : ' Counsel is not confined in the introduction of evidence to the statement which he makes in the opening of his case, since this would oblige him at his peril to announce to the jury each item of evidence which he intended to introduce.' "

The judgment of the Circuit Court is reversed and the cause is remanded.