DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

## NOVEMBER TERM, 1905.

---

JOHN SNYER, PLAINTIFF IN ERROR, v. NEW YORK AND NEW JERSEY TELEPHONE COMPANY, DEFENDANT IN ERROR.

Argued November 29, 1905—Decided June 18, 1906.

1. Plaintiff was employed by the defendant company to string some of its wires above and across certain electric light wires of another company. There was evidence, if believed, that the electric light wires did not usually carry any current except at night, and that this fact was known to plaintiff. Shortly before plaintiff's injury the defendant company received notice from the electric light company that it would thereafter send through its wires, in the daytime, a current of dangerous intensity. Plaintiff testified that this fact was not communicated to him. *Held*, that there was a question for the jury whether the failure of the defendant company to give plaintiff notice was a breach of its duty to him.

2. There being evidence that the plaintiff had observed that the electric light wires did not customarily carry any current in the daytime, and further evidence that on Saturday, plaintiff and others, to facilitate their raising the telephone wires, took down the electric light wires and at the close of the day replaced them, finding no dangerous current passing, and that on Monday they manipulated some of the telephone wires so as to justify an·inference that they came in contact with the electric wires without indi-

cating any dangerous current therein, and that plaintiff, while working on the last of the telephone wires, received a serious injury from a current of electricity of intensity greater than that applied to telephone wires—*Held*, that there was a question for the jury whether the risk was an obvious one to the plaintiff, and that a nonsuit was erroneous.

On error to the Supreme Court.

For the plaintiff in error, *Arthur S. Corbin* and *John B. Humphreys.*

For the defendant in error, *Edward A. & William T. Day.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment brought into review by this writ of error was entered upon a nonsuit directed by the learned justice of the Supreme Court before whom the issue in the cause was tried. The plaintiff in error, who was the plaintiff below, attacks the judgment, claiming that there was evidence to go to the jury, and that it was erroneous to direct a nonsuit.

The record returned, and the bill of exceptions, disclose that the plaintiff in error was employed by the defendant company as a lineman. His action was brought to recover damages for an injury received by him, which he claimed was due to a neglect of the duty which the defendant company, as his employer, owed to him. Although the nonsuit was not directed on the ground that there was no proof of such liability on the part of the defendant, but on another ground, it is obvious that it is important to determine whether there was evidence to go to the jury on that subject, because if it be found that the trial justice erred in directing the nonsuit on the ground upon which he put it, it may still be that it should be sustained on the other ground.

The conceded relation between Snyer and the defendant company was that of employer and employe. The company owed to him a duty to take reasonable care that the places in which it employed him to work were safe for the work which

he was to do, and if unusual and unexpected perils respecting the places of work, or the work itself, became known to the company, a duty was imposed upon it to make such perils known to him.

On this subject there was evidence to go to the jury. The plaintiff was employed by the company, at the time his injury was received, in stringing telephone wires from pole to pole, over wires of the Paterson and Passaic Gas and Electric Light Company, which ran at right angles to the line of wires which the plaintiff was stringing. There was evidence from which the jury could infer that the plaintiff, and other workmen in the employ of the company, had known that the wires of the gas and electric light company were customarily charged with a current only at night, and that the current was used only for lighting the streets. There was evidence from which it could be found that, some time before, the gas and electric light company had formally notified the defendant that it had established a day current along its lines in the locality in which plaintiff's injury was received of considerable intensity, and the defendant company was asked to instruct its workmen to take proper precaution for their safety. The plaintiff testified that the fact that the gas and electric light company was to send day currents through its wires was not made known to him by the defendant company, nor was he warned of the danger he might incur by coming in contact with those wires, directly or indirectly, after currents of the intensity stated were turned on and carried through them in the daytime. In this respect there were questions for the jury. Upon the evidence a verdict might have been rendered finding the defendant company derelict in its duty to the plaintiff, its employe.

The learned justice, however, put his determination to withhold the case from the jury upon the sole ground that the evidence disclosed, as matter of law, that the risk of injury which plaintiff took when accepting employment in stringing wires across the wires of an electric light company was one obvious to him, and which, by acceptance of such

employment, he assumed, and held that for injuries thus received plaintiff could not hold his employer liable.

In directing a nonsuit on this ground, I think there was error. The well-settled rule is that an instruction for a verdict, or a direction of a nonsuit, cannot be supported unless it appears that upon facts which the jury might find to have been proved by the evidence, with such inferences as could be reasonably drawn therefrom, no verdict, and no number of verdicts, could be supported. *Crue* v. *Caldwell,* 23 *Vroom* 215; *Comben* v. *Belleville Stone Co.,* 30 *Id.* 226; *Newark Passenger Railway Co.* v. *Block,* 26 *Id.* 605.

Plaintiff testified that he was an experienced lineman, and knew that an electric light wire became highly dangerous when a current of the intensity usually used for electric light or power is passing through it. Such wires, however, give no sign by their appearance of the passing of a current, or of its intensity. If the only evidence produced showed that plaintiff had knowledge that he was stringing wires over the wires of an electric light company, which might be carrying a dangerous current, whether there was thus disclosed such an obvious risk assumed by plaintiff as would justify a nonsuit, or whether the question of assumption of risk on such evidence should be submitted to a jury, need not be determined.

For there was other proof which, in my judgment, presented a question on the subject of assumption of risk, which should have been submitted to the jury. It could have been found therefrom that plaintiff, from previous observation, had ascertained that the electric light wires in that locality had not been used to carry any electric current in the daytime, and that plaintiff, with other linemen of the defendant company, went to the place where the wires were to be strung crossing above the electric light wires, on Saturday, and were engaged during the day in that work. In the course of that day, and for the purpose of facilitating their work, they took down the electric light wires and replaced them when they quit work on Saturday afternoon. The plaintiff declares that when he handled the electric light wires, in taking them

down or putting them up, he felt what he called a "little tickle," but it·was evident that there was no dangerous current then passing through the electric light wires. On Monday morning the gang of men, of whom plaintiff was· one, returned to complete their work, and in doing so had to rearrange some of the telephone wires, which had been left on Saturday pieced out by wires of a different size. They engaged in replacing those pieces by wires of the proper size, and proceeded so far as to complete their work in respect to two or three of the telephone wires. Plaintiff was then at the top of a pole, engaged in putting what is called a "sleeve" in the last wire that was to be strung, when, without warning, he received a shock which caused him to fall, and which terribly burned and maimed his hand.

From this evidence the jury might find that, although an electric light wire, if carrying its intense current, was a danger which must have been known to the plaintiff, yet if they believed that on Saturday plaintiff had assisted in taking down the electric light wires and found no dangerous current in them, and on Monday he and his fellow-workmen had strung some of their wires without experiencing any shock from the electric light wires, although the telephone wires, it may well be inferred, sagged down upon and came in contact with them, I think there was a question for the jury whether or not the danger of injury from a current through the electric light wires was, under those circumstances, an obvious one, the risk of injury from which he must be deemed to have assumed.

The nonsuit cannot be sustained, in my judgment, on either ground, and the judgment must be reversed for a *venire de novo.*

*For affirmance*—REED. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 12.