SMITH vs. THE COMMONWEALTH INSURANCE COMPANY.

*April 22 — May 11, 1880.*

INSURANCE AGAINST FIRE. *(1) Plea in bar, or in abatement?   (2) Waiver of condition in policy by agent.   (3) Such waiver provable in defense, without reformation of policy.   (4) "Inventory" of damaged goods, where the single article insured is wholly destroyed.*

NONSUIT: *(5) Not grantable on opening statement of counsel.*

1. In an action upon a fire insurance policy, the answer was, that the policy contained a condition avoiding it in case the interest of the assured in the property were other than the sole and unconditional ownership for his own benefit, if that fact were not represented to the insurer and expressed in the written part of the policy; that the property was held in trust by plaintiff for others, and he did not disclose the fact to defendant when he applied for insurance; and (as a separate defense) that he did not, in his proofs of loss, disclose such trust or the names of the persons beneficially interested, as the terms of the policy required him to do before he could recover thereon.   *Held,* that this was essentially a plea *in bar,* and not merely one in abatement, and there was no error in refusing to try first the question whether plaintiff had failed to make due proofs of loss.

2. Where the agent who issued the policy was previously informed of the circumstances under which plaintiff held title to the property, negotiated the contract of insurance with some of the persons beneficially interested (and not with the plaintiff, in whose name the policy was taken), was furnished with full information which would have enabled him, by inquiry, to learn the name of each beneficiary, and wrote the policy without specifying the trust, this was a *waiver* of the stipulation avoiding the policy unless such trust were written therein.

3. Under the practice in this state, plaintiff could make proof of the waiver, in his action on the policy, without first proceeding to have it reformed.

4. The policy provides that, "when personal property is damaged," the assured shall arrange "the various articles according to their kind, separating the damaged from the undamaged," and shall furnish the company an inventory "naming the quantity, quality and cost of each article." The property insured was one organ, and was wholly destroyed; and the assured, in his proofs of loss, stated the name of the article, its value just before the fire, and the amount of the loss (the sums named as such value and as the amount of loss being the same); and he refused to furnish on demand any further "schedule" under that provision, on the ground that in case of a total loss of a single article insured, no other "schedule" was required. *Held*, that the jury were warranted in finding a compliance with said provision of the policy.

5. The practice of granting a nonsuit upon the opening statement of the case by counsel for plaintiff, does not prevail in this state. *Fisher v. Fisher*, 5 Wis., 472.

APPEAL from the County Court of *Milwaukee* County.

One Octavius Marshall, by Carpenter & Smiths, his attorneys, obtained a judgment against a corporation or firm in Milwaukee known as the Marshall Brothers' Church Organ Manufacturing Company. The amount of the judgment was made up of the demands of several persons against the company, which, for convenience, had theretofore been assigned to Octavius Marshall. The assignments were for the purpose of having one action brought on all the claims, and were made without consideration. Although absolute in form, there seems to have been an understanding between the parties interested that the proceeds of the judgment should be paid to the several assignees in proportion to the original claim of each. The judgment was sued upon in Chicago, and an organ which the company, the judgment debtor, had there, was seized on attachment. That action was prosecuted to judgment, and the organ sold on execution. The present plaintiff bid it in for $1,500, and a certificate of sale was issued to him. He paid nothing on his purchase, however, and recognizes the right of all parties interested in the judgment to have shared in the proceeds, had the organ been subsequently

sold. It may be stated here that the plaintiff and one of his copartners, jointly, also had an interest in the judgment.

By mutual agreement between all of the parties in interest, the organ was shipped to Milwaukee for the purpose of being enlarged by the company, preparatory to a sale of it; and by like agreement insurance in four companies (the defendant being one of them), in the sum of $1,000 in each, was obtained upon it in the name of the plaintiff. When the enlargement of the organ was nearly completed, and a contract for the sale thereof had been made, it was accidentally destroyed by fire. This action is upon the policy issued by the defendant company. The evidence given on the trial tends to prove that the agents of the defendant, through whom the insurance was effected, were fully informed that several persons were interested in the organ in the manner above stated; that all of their negotiations on the subject were with persons, other than the plaintiff, who had such interest; and that the agents were referred to the plaintiff for more definite information on the subject, but did not apply to him therefor. The premium was paid by one Caswell, a party interested, and the plaintiff had no agency in obtaining the insurance, beyond requesting that the policies be made to him.

It also appeared that the plaintiff furnished proofs of loss, which were objected to by the defendant for certain alleged defects therein. These defects were afterwards supplied by the plaintiff, with a single exception. The plaintiff scheduled the insured property as "an organ." The defendant, by its general agent, persistently demanded a further schedule, and the plaintiff as persistently protested that the property was a single thing, and that he did not know how it could be scheduled in any other manner. The plaintiff recovered judgment for the amount of the policy, with interest; and the defendant appealed from such judgment.

For the appellant there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cottrill*.

Smith vs. The Commonwealth Ins. Co.

For the respondent there was a brief by *Carpenter & Smiths*, and oral argument by *Winfield Smith.*

LYON, J. Numerous exceptions were taken on the trial on behalf of the defendant, and have been argued in this court. These have all been duly considered, but it is only necessary to discuss a few of them.

1. The answer contains a defense to the effect that proper proofs of loss have not yet been furnished, and hence that this action cannot be maintained. This, it is claimed, is a plea in abatement which should have been first tried under the decision of this court in *The Supervisors v. Van Stralen*, 45 Wis., 675. The court below denied the motion of counsel for defendant for a separate trial of that issue, made at the commencement of the trial. There might be force in the position if the defense referred to were purely a plea in abatement. The point of the defense is, that the policy contained a condition that "if the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, or if the building stands upon leased ground, it must be so represented to the company, and so expressed in the written part of this policy, otherwise this policy shall be void;" that the property was held in trust by the plaintiff for others, which fact the plaintiff did not disclose to the defendant when he applied for the insurance; and that he did not, in his proofs of loss, disclose such trust, or the names of the persons beneficially interested, as required by the terms of the policy. It seems to us that this defense, although, perhaps, matter in abatement is included in it, is essentially a defense in bar. If it is true, and if the stipulations therein set forth have not been waived, not only must the plaintiff fail in this action, but he cannot maintain any action upon the policy.

Questions like this will doubtless arise less frequently hereafter, because the new rules of the circuit court authorize the

court, in its discretion, to send issues in bar and in abatement to the same jury at the same time. Rule 14.

2. Assuming that the legal title to the organ was held by the plaintiff in trust for the benefit of himself and others, and that the failure to express such trust in the policy would, under some circumstances, work a forfeiture of the policy, we think there was sufficient evidence to go to the jury on the question of waiver. The proof is overwhelming that the agent of the defendant company, who issued the policy, was informed before he issued it of the circumstances under which the plaintiff held the title. Under the instructions of the court the jury must have found that the agent knew that others were beneficially interested in the proceeds of the organ when sold, and who some of them were. Certainly, he negotiated the contract of insurance with some of them; and he was furnished with the means of information, so that, upon mere inquiry (which he did not choose to make), he could readily have ascertained the name of each beneficiary. With knowledge of these facts he wrote the policy, without specifying therein the alleged trust upon which the plaintiff held the legal title to the property. That this omission of the agent is a waiver of the stipulation that the policy shall be void unless the trust is written therein, has been so often adjudged here and elsewhere, and is so thoroughly settled, that it is idle to discuss the proposition or cite authorities to support it.

In this connection it may be remarked that it was not necessary, under the practice which prevails in this state, for the plaintiff to proceed in the first instance for a reformation of the policy by striking out the clause of forfeiture above mentioned. The assured may count upon his policy as written, and if the insurer avers and proves the breach of a condition found therein, the assured may show a waiver of such condition. This practice avoids circuity, is plain and simple, and harms no one.

3. The objection that the proofs of loss are defective in

Smith vs. The Commonwealth Ins. Co.

that the insured property is not sufficiently scheduled therein, we think is not well taken. The schedule required we understand to be an inventory; and an inventory of a single article is made by naming the article. We suppose the defendant's general agent thought the company entitled to a full description or full specifications of the organ. We are not called upon to determine whether, under the contract, the plaintiff would have been bound to furnish such specifications, had the defendant required him to do so. No such requirement was made in this case. The persistent demand of the agent was for a schedule, and that was furnished. We think, and so hold, that the proofs were sufficient to warrant the jury in finding a compliance by the plaintiff with the terms of the policy in this respect.

4. The bill of exceptions contains the opening address of the plaintiff to the jury. At the close of it, defendant's counsel moved for a nonsuit on such opening. The court denied the motion, and the ruling is assigned as error. We think the ruling correct for two reasons: *First*, the practice of granting a nonsuit upon the opening statement of the case by counsel for the plaintiff, does not prevail in this state. *Fisher v. Fisher*, 5 Wis., 472. *Secondly*, the plaintiff stated a good cause of action in his opening.

5. The charge of the judge to the jury, and his refusal to give certain instructions proposed on behalf of the defendant, seem to accord with the views above expressed. It is believed that the questions above considered are the controlling ones in the case, and that it is quite unnecessary to discuss any other exceptions contained in the record. Upon the whole case, we conclude that the judgment of the county court cannot properly be disturbed.

*By the Court.*— Judgment affirmed.