COATS, Respondent, vs. CAMDEN FIRE INSURANCE ASSOCIA-
TION, Appellant.

*March 13—April 3, 1912.*

*Fire insurance: Mistake in describing property: Correction in action
at law: Evidence: Estoppel: Application showing title: Falsity:
Failure to attach application to policy.*

1. Although, as a result of a mutual mistake, a fire insurance policy
   does not correctly describe the land upon which insured build-
   ings were located, such misdescription does not render the pol-
   icy a nullity or prevent a recovery in case of loss, where the
   buildings destroyed were those intended by both parties to be
   insured, and the actual place where they were located and their
   environment were fully known to both.

2. Where such mistake is disclosed upon the trial of an action at
   law upon the policy, it may be corrected in such action without
   resorting to an independent action in equity to reform the pol-
   icy.

3. The exclusion of evidence on the part of defendant in such a case
   to show an alleged misdescription of the premises is, therefore,
   not ground for reversal on appeal.

4. Where the application for insurance states that the assured holds
   the buildings insured under a contract for a deed, the company
   is estopped, in an action on the policy, from asserting its in-
   validity on the ground that the insured had not a fee title or
   the sole and unconditional ownership, as stipulated therein.

5. Failure of an insurance company to attach to its policy a copy of
   the written application, as required by sec. 1945a, Stats. (1898),
   estops it from defeating, on the ground that the title was mis-
   represented in such application, the right of the insured to in-
   demnity under the policy for loss sustained to his insurable in-
   terest in the property. BARNES, J., WINSLOW, C. J., and MAR-
   SHALL, J., dissent.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action is brought to recover the amount of a loss sus-
tained by the plaintiff through the destruction by fire of the

property insured by the defendant under its standard form of policy, which was issued and delivered to the plaintiff.

The policy describes the property covered and insured as located and situated on the northeast quarter of the northeast quarter of section 28, township 47, range 8 west, Bayfield county, Wisconsin. In the application blank, filled out by the plaintiff but not attached to the policy, the property is described the same as in the policy. It also states that the plaintiff's title to the land was under a "contract for a deed," and that the premises were incumbered to the amount of $800.

Shortly before the policy was issued the plaintiff purchased from one Devine certain buildings and other personal property. Devine was in possession of the property and was holding the premises upon which the buildings stood under a verbal understanding with one Ernest Sauve, who represented the Hines Lumber Company, owner of the land, that he would get the title for Devine. Immediately upon making the purchase from Devine the plaintiff went into possession of the premises and held them under the same arrangement with Sauve. Sauve and certain other persons who were interested in obtaining the title for the plaintiff had acted and were expecting to act as agents for the owner of the lands upon which the buildings were situated. Two of the buildings with their contents, which the plaintiff had purchased from Devine, were destroyed by fire.

The facts as above stated with regard to the title were brought out during plaintiff's presentation of her case. Under the court's interpretation of sec. 1945a, Stats. (1898), as amended by sec. 1, ch. 51, Laws of 1905, the defendant was not permitted to produce evidence to show that the property destroyed was not the property described in the policy. The evidence offered by the defendant on this point tended to show in effect that the parties made a mistake in the location of the section line between sections 21 and 28 and that the section line was about 600 feet farther south than they located it.

Nor was the defendant permitted to produce evidence to show that the plaintiff's title was not in accord with the title as stated in the policy and was not in accord with the statement respecting it in the application for the insurance.

At the conclusion of the evidence, upon motion the court ordered judgment for the plaintiff. This is an appeal from the judgment so ordered.

For the appellant the cause was submitted on the brief of *W. S. Cate* and *M. H. Boutelle & N. H. Chase,* and for the respondent on that of *Sanborn, Lamoreux & Pray.*

SIEBECKER, J. The first contention is that the court erred in excluding the evidence of the defendant tending to show that the property destroyed is not the property described in the policy constituting the insurance contract between the parties. The record shows that the buildings actually destroyed were those the plaintiff and the insurance agent who solicited the insurance intended to include in the contract, and that the plaintiff's claim for loss is for their destruction by fire. The plaintiff offered evidence tending to show that they were located on a certain quarter-section of section 28 of the specified township, which is identical with the description of the property in the policy. The defendant offered proof to contradict this, and offered evidence tending to show that the section line was 600 feet to the south of the buildings described in the contract. The lands were uninclosed wild lands, and it is manifest that the plaintiff and the insurance agent were not informed as to whether or not the buildings were to the north or south of the section line dividing sections 21 and 28 in the specified township. If the defendant's evidence be assumed to be correct, the actual location of the buildings, according to the government location of this section line, was at a distance of about 600 feet from where they were located under the plaintiff's evidence, and they were in an adjoining section of this township. The plaintiff and the agent were not mis-

led by this mistake as to the actual place where they stood or as to their actual environment and relation to other properties. It is apparent that the mistake in describing the land in no way affected the identity of the structures insured and in no respect the risk and hazard assumed by the insurer. The record is clear that the misdescription was purely a mistake of the plaintiff and the defendant's agent in not knowing the location of the section line between sections 21 and 28. We consider that the alleged error did not render the policy a nullity, since it is shown that the buildings intended to be designated in the policy were the property of the plaintiff and were in fact the property which the plaintiff and the defendant's agent actually identified as that included in the alleged mistaken description. Under the circumstances the error in no way adversely affected the parties to the policy, and if actually existing it should be corrected in this action.

We find no obstacle to its correction in this action on the policy, if it be material, without resorting to an independent action in equity to reform the policy as for a mistake so as to express the correct description of the real estate. Such a course deprives neither party of any substantial right and it promotes the ends of justice. It avoids circuity of actions and the unnecessary delays consequent upon seeking reformation in a separate action. The practice of thus correcting this mistake in this action is in harmony with the spirit of our Code, which seeks to have equitable relief awarded in all actions, whenever the circumstances of the transaction under investigation call for its application. Secs. 2600 and 2647, Stats. (1898). This course of procedure on this question has been upheld by the courts in the following adjudications: *State Ins. Co. v. Schreck,* 27 Neb. 527, 43 N. W. 340; *Manhattan Ins. Co. v. Webster,* 59 Pa. St. 227; *Am. Cent. Ins. Co. v. McLanathan,* 11 Kan. 533. The following support the principle of granting such relief in the legal action on the policy: *Smith v. Commonwealth Ins. Co.* 49 Wis. 322, 5 N.

W. 804; 1 Cooley's Briefs on the Law of Insurance, p. 890, Right to reformation in action at law. In this view of the case the exclusion of the defendant's evidence to show an alleged misdescription of the property did not operate to the defendant's prejudice. If it had established such error, the court should then have corrected it and have enforced the policy as corrected. In the light of this result we need not consider what effect the provisions of sec. 1945*a*, Stats. (Supp. 1906: Laws of 1905, ch. 51), have as to this question and we therefore do not determine it.

It is also contended that the plaintiff cannot recover on this policy because she failed to show any interest in the property described in the policy. As heretofore stated, there is no dispute under the evidence that plaintiff had an insurable interest in the buildings covered by the policy. The policy provides, in cases of insurance on buildings, that the policy shall be void unless the fee title to the premises described in the policy is in the plaintiff and unless her interest be a sole and unconditional ownership. The application stated that the plaintiff had an interest in the lands under a contract for a deed. This was the representation made by her in the application, and having thus been brought to the knowledge of the company it formed the basis of the contract. When such facts are established, the insurer is estopped from asserting the invalidity of the policy upon the ground that the insured had not a fee title or a sole and unconditional ownership, as stipulated in the policy. Under a well recognized rule in the law of insurance, an insurer is not permitted to assume one attitude as to known facts in the making of the contract and later insist upon another to the injury of the insured. In such a case, to prevent avoidance of the policy, the insurer is estopped from assuming such different and inconsistent attitudes. *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227; *Beal v. Park F. Ins. Co.* 16 Wis. 241; *McBride v. Republic F. Ins. Co.* 30 Wis. 562.

It is however contended that this principle cannot rule this case, because the plaintiff failed to show she had any interest in the land at the time the policy issued or at any time thereafter, and hence the policy is wholly void under its conditions respecting title. The trial court held that the defendant was precluded from asserting the invalidity of the policy on this ground, because of its failure to attach the application to the policy, as required by the provisions of sec. 1945a, Stats. This section provides that all fire insurance companies, except domestic mutual companies, shall attach or indorse a true copy of the application or representations of the assured to the policy when issued, if its terms make them a part thereof or if they in any manner affect the validity of the policy, and further provides that "the omission to so do shall not render the policy invalid, but if any corporation neglect to comply with the requirements of this section it shall forever be precluded from pleading, alleging or proving such application or representations or any part thereof, or the falsity thereof or any part thereof in any action upon such policy. . . ." It is without dispute that the plaintiff signed a written application for this policy and that a true copy thereof was not attached to or indorsed on the policy. There can be no controversy that its contents under the terms of the policy and the law governing the rights of the parties under the policy affected its validity, and hence the statute required that a true copy thereof be attached thereto. The question is, What effect does the failure of defendant to so do have upon the questions presented by the record, namely, that the plaintiff had no fee title or such interest in the lands as was demanded by the conditions of the policy? The contention is that these conditions operate as conditions precedent to any recovery on the policy, unless their effect is avoided by facts showing that they had been waived or that the company is estopped from insisting on the conditions. It is a familiar rule in the law of this state that such conditions in a policy may be waived by

the conduct of the company through its agents and officers and that it may by such conduct estop itself from asserting a violation of such conditions in the policy. *Beal v. Park F. Ins. Co.* 16 Wis. 241; *McBride v. Republic F. Ins. Co.* 30 Wis. 562; *Smith v. Commonwealth Ins. Co.* 49 Wis. 322, 5 N. W. 804; *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227, and cases cited. This statute provides additional and specific grounds by which the company may estop itself from insisting on compliance with conditions affecting the validity of the policy, namely, by failing to attach to or indorse on the policy a true copy of the application or the representations of the assured which may in any manner affect the validity of the policy. The omission so to do shall, among other things, estop it from showing the falsity of any part of the application or the representations. Admittedly, the application in this case contained a representation as to the title and the interest of the plaintiff in the premises, and it was not as stated in the policy, namely, a fee title, but it was an interest acquired by a contract for a deed. By defendant's default to comply with this statute the rights of the parties became fixed as to this condition in the policy by the representation of title in the written application. It therefore follows that when the plaintiff produced the policy and the separate application and showed that the property destroyed was actually covered by the policy she established a *prima facie* claim against the company under the contract, which the company is estopped from defeating by proof that the representation in the policy as to her title was untrue. The effect of the statutory provision is that, when the insurance company failed to comply with the statute, this failure operated to estop it from defeating plaintiff's right to indemnity under the policy for the loss she sustained to her insurable interest in the property upon the ground of the breach of condition respecting title. Under the facts shown there is no question that she owned the buildings and their contents as covered by the policy. If the evi-

dence showed that she had no insurable interest in the property destroyed, then her claim under the policy might have been defeated upon the ground that the contract was void as against public policy. Under the circumstances any parol evidence tending to impeach the representations of title to the property as stated in the application is incompetent and immaterial, for the reason, as above stated, that the company is estopped from impeaching the validity of the policy by asserting a variance from the representations in the application.

We find no reversible error in the record.

*By the Court.*—Judgment affirmed.

BARNES, J. (*dissenting*). I fail to see wherein sec. 1945*a*,. Stats. (Supp. 1906: Laws of 1905, ch. 51), has any application to the facts in this case. Manifestly that statute was passed to prevent insurance companies from attempting to defeat recovery on insurance policies by showing misrepresentations made by an insured in his application for insurance unless a copy of such application was attached to the policy issued.

The main question in this case is very simple. The statutory form of policy provides that the insurance shall be void if "the subject of insurance be a building on ground not owned by the insured in fee simple." Sec. 1941—46, Stats. (1898). It was competent for the insurer to waive this provision, and the complaint alleged that it was waived by stating that the insured was the owner of the buildings destroyed and. "of the land on which the said buildings were situated, under and by virtue of the contract or agreement disclosed in the application" for insurance, and that the fact that plaintiff "owned the said land on a contract and had not yet obtained her deed for it was disclosed by her to the said company at. the time the said contract of insurance was made," and that. ever since said time defendant has had "knowledge of the fact.

that the plaintiff owned the said land by contract," and had not obtained a deed therefor.

Plaintiff attempted to prove the waiver by requiring defendant to produce the application for insurance and by offering it in evidence when produced. It contained the following: "*Q.* What title has applicant to premises ? *A.* Contract for a deed." Plaintiff sought to supplement this proof by showing that she did have such a contract, but in this she was wholly unsuccessful. The proof showed that she never had a contract for nor the semblance of a title to the land on which the buildings stood, except naked possession.

The legal question presented by the undisputed facts in the case is this: Where a policy provides that it shall be void if buildings are covered unless the insured owns the ground on which they stand, and where the insured informs the insurer before the policy is written that she does not have a fee-simple title but has a contract which entitles her to a deed when it is complied with, and the insurer writes a policy with this knowledge, does it do anything more than waive the fee-simple title and agree to accept in lieu thereof the equitable title which a land contract conveys ? I think not. The defendant agreed to accept such title as a land contract would convey, but it did not agree to insure buildings on premises to which the insured had no right, title, or interest whatsoever. Under a contract plaintiff would be entitled to a deed when she performed its conditions and could protect herself as to the improvements which she made on the land. Circumstanced as she was, at best all she could do would be to tear down the buildings and remove the fragments. The difference between the moral hazard in the two situations is obvious. An insurer might well accept insurance where the title was such as a land contract conveyed, and refuse to take any risk on property where there was an entire absence of title. "A waiver is the intentional relinquishment of a known

right." *Monroe W. W. Co. v. Monroe,* 110 Wis. 11, 22, 85 N. W. 685; *Swedish Am. Nat. Bank v. Koebernick,* 136 Wis. 473, 479, 117 N. W. 1020; *Voss v. Northwestern Nat. L. Ins. Co.* 137 Wis. 492, 502, 118 N. W. 212; *Pfeiffer v. Marshall,* 136 Wis. 51, 116 N. W. 871; *Rasmusen v. New York L. Ins. Co.* 91 Wis. 81, 64 N. W. 301; *Fraser v. Ætna L. Ins. Co.* 114 Wis. 510, 90 N. W. 476.    There is no claim that the insurer had any knowledge of the condition of the title aside from that disclosed by the application, and it seems to me wrong to say that by its agreement to accept a land-contract title it agreed also to accept no title at all.

The opinion seems to proceed upon the theory that the defendant could claim no benefit from the application because it was not attached to the policy.    I do not understand that it claims any.    It pleaded a forfeiture under the terms of the policy.    Every shred of evidence in the case in reference to the application and in reference to the plaintiff's title was offered by the plaintiff herself.    The contention of the defendant was and is that plaintiff had not proved a cause of action, because she showed affirmatively that she had no title to the land and that defendant did nothing to waive its right to assert that the policy was void on the facts so shown.    I think the judgment should be reversed.

WINSLOW, C. J., and MARSHALL, J.    We concur in the foregoing opinion by Mr. Justice BARNES.