HALEY, Appellant, vs. THE WESTERN TRANSIT COMPANY,. Respondent.

*March 1 — March 18, 1890.*

*(1, 2) Master and servant: Injury from negligence: Fellow-servants: Pleading: Presumptions. (3) Opening statement of counsel: Demurrer ore tenus: Nonsuit.*

1. The complaint alleges that the plaintiff was employed as a steve-- dore by the defendant corporation and, while engaged in unloading one of its vessels, was injured by falling through a hatchway which the defendant had negligently allowed to remain open and unguarded. *Held,* that it would not be presumed on demurrer that the negligence was that of an employee, for which the defendant would not be responsible to the plaintiff.

2. If it appeared that the. negligence was that of the mate of the vessel, under whose direction the plaintiff was working, and if it were conceded that such mate was a co-employee of the plaintiff, it would still be incumbent upon the defendant to show affirmatively that the mate was a competent person for the position, and that the defendant had furnished him with all necessary appliances to protect the hatchway.

3. A nonsuit should not be granted, nor a complaint dismissed, upon the opening statement of the case by plaintiff's counsel.

APPEAL from the Circuit Court for *Milwaukee* County.. This action was brought to recover damages for personal injuries alleged to have been received by the plaintiff through the negligence of the defendant.

The complaint alleges that the defendant company is a corporation and a common carrier by water on the Great Lakes; that it operates a number of steamboats thereon, and occupies a dock and warehouse in the city of Milwaukee for the landing and storage of freight; that in September, 1888, one of its steamboats, known as the "Hudson," having on board freight to be left at Milwaukee, landed at such dock, and the plaintiff, who is. a stevedore, was employed by the defendant to aid in unloading deck freight

therefrom; that he commenced work about 11 o'clock, p. m., and continued to work until injured as hereinafter stated, which was at about 1:30 a. m., at which time, and while prosecuting such work, and when he was necessarily and carefully passing along said deck, and without any fault or negligence on his part, he fell through a large, open hatchway a little forward of the middle of the deck, which the defendant had left open, unlighted and unprotected, and thereby received the injuries complained of; that the hatchway was not then in use, and it is the custom of steamboats like the Hudson to keep their hatchways covered when not in use, and also, when the same are open at night, to keep lights on each side thereof, so arranged as to disclose such hatchways to persons passing along the deck; that ordinary care requires they should be kept thus closed, or lighted if open; and that the defendant was guilty of negligence in thus allowing the hatchway to be open, and, it being open, in not having it properly lighted so that the plaintiff might have seen that it was open and thereby avoided the injury.

The answer denies *seriatim* most of the material allegations of the complaint, but admits that " when such hatches are left open it is the custom of such steamboats to provide and keep burning lamps or lights about such hatch, so arranged that they disclose such hatchway." It alleges that the hatchway through which the plaintiff fell was so lighted at the time.

After a jury had been impaneled and sworn it was admitted on behalf of defendant that plaintiff was hired by the mate of the Hudson to assist in discharging cargo on the night of the accident, and that the mate was authorized by defendant to employ stevedores for such purpose. Counsel for plaintiff then made quite a lengthy opening address to the jury, stating the facts which he expected to prove. He then called the plaintiff as a witness in his own behalf,

who was sworn, and a question propounded to him.  Thereupon counsel for the defendant objected to the introduction of any evidence under the complaint and the opening statement of counsel, for the reason that said complaint and statement do not state facts sufficient to constitute a cause of action against the defendant.  The court sustained the objection, and entered an order dismissing the complaint. Judgment was thereupon entered for the defendant, dismissing the complaint, with costs.  The foregoing proceedings and ruling are recited therein.  The plaintiff appeals from the judgment.

For the appellant there was a brief by *Frank M. Hoyt* and *Edward Q. Nye*, and oral argument by *Mr. Hoyt*.

For the respondent there was a brief by *Van Dyke & Van Dyke*, and oral argument by *G. D. Van Dyke*.  To the point that upon the facts alleged defendant was not negligent, they cited *Dwyer v. Nat. Steamship Co.* 4 Fed. Rep. 493; *The Gladiolus*, 22 id. 454; *The Carl*, 18 id. 655; *Caniff v. Blanchard Nav. Co.* 66 Mich. 638; *Wilkinson v. Fairrie*, 1 Hurl. & C. 633; *Seymour v. Maddox*, 16 Q. B. 326.

Lyon, J.  The complaint charges negligence in the particulars therein specified directly upon the defendant company.  There is no legal presumption that the acts or omissions upon which the charge is predicated were the acts or omissions of an employee of defendant, but rather of an agent thereof, by whom alone it can perform its duties and functions.  Hence the complaint (being otherwise sufficient) states a cause of action, and a general demurrer thereto would not be sustained.  It was so held on general demurrer to a complaint similarly framed in *Hulehan v. G. B., W. & St. P. R. Co.* 58 Wis. 319.  That counsel for the defendant regarded the complaint in the present case sufficient is evidenced by the fact that they did not demur, but interposed an answer thereto on the merits.  If, there-

fore, the judgment of the circuit court dismissing the complaint is sustained, it must be sustained on the sole ground that the facts stated by counsel for plaintiff in his opening address to the jury showed that the plaintiff is not entitled to recover in the action.

The practice of granting a nonsuit, much less of dismissing the complaint, on the opening statement of the case by counsel for the plaintiff, does not prevail, and never has prevailed, in this state. *Fisher v. Fisher*, 5 Wis. 472; *Smith v. Commonwealth Ins. Co.* 49 Wis. 322. But judgment dismissing the complaint in this case was given on such opening statement alone. True, counsel for plaintiff, in his argument before this court, expressed a willingness that such statement (which is preserved in a bill of exceptions) should be considered in connection with the complaint and treated as a part of it. Nothing of this appears in the record. We are not willing to depart in this case from an old and salutary rule of practice, even though counsel consent that we may do so. We have, however, looked into such statements sufficiently to become satisfied that the facts stated by counsel are insufficient to support the judgment. The grounds of this opinion will be briefly stated.

The material portion of such statement, affecting the question of defendant's liability, is to the effect that the mate who employed the plaintiff was in command of the steamboat, and the plaintiff worked under his direction; that the hatchway was closed when the plaintiff worked near it in the earlier part of the night; that he left his coat there, and when working in another place felt the need of it and went for it in the darkness, and fell into the hatchway without knowing or seeing or being able to see that it was open; and that after plaintiff left the vicinity of the hatchway in the early part of the night, the mate ordered it opened, and neglected to notify the plaintiff of the fact, or place lights so that he could see it was open.

It is understood that the learned circuit judge was of the opinion that the foregoing statements of counsel showed that the mate was a co-employee with the plaintiff in the same general business or employment, and that the negligence which caused the injuries of which plaintiff complains was the negligence of the mate.

Conceding, for the purposes of the case, that this is a correct view of the facts stated by counsel (a proposition which we do not reach, and hence do not decide), it still falls short of relieving the defendant of liability. To effect that result it should further appear that the mate was a competent person for the position he occupied, and that the company furnished him with all necessary appliances to light the hatchway. These are defensive facts, and the burden of proving them is upon the defendant. There is no presumption of the existence of either of them, in the absence of affirmative proof. Neither of them is pleaded, admitted, or proved. Hence, on the hypothesis that the negligence complained of was the negligence of the mate, and that he and the plaintiff were co-employees, as the case stands on the statement of counsel the plaintiff would still be entitled to recover.

The case may be close to the line between cases where the negligence charged should be imputed to the principal, and those in which the negligence is imputed solely to a co-employee. That is to say, it may be a close question whether the mate was the agent of the defendant, for whose negligence the defendant is responsible, or whether he was a mere employee, for whose negligence, if he was a competent person, the principal is not responsible. On which side the line this case belongs we do not determine on this appeal for the reason above suggested, that the question is not reached.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.