PATRICK KELLY, ADMINISTRATOR, PLAINTIFF IN
ERROR, v. BERGEN COUNTY GAS COMPANY, DEFEND-
ANT IN ERROR.

Argued November 23, 1906—Decided June 17, 1907.

1. A motion to nonsuit on the opening of counsel ought not to be
   granted unless, upon the facts stated as to be proved and the rea-
   sonable inferences therefrom which a jury might draw, a verdict
   for the plaintiff could not be supported.
2. If counsel in his opening states a fact tending to show negligence
   contributing to the injury in respect to which the action is
   brought, a nonsuit on that ground ought not to be granted unless
   contributory negligence is conclusively shown thereby. If there
   are opened other facts bearing on that subject, from which a jury
   might reasonably infer no negligence, a nonsuit is erroneous.

On error to the Supreme Court.

For the plaintiff in error, *William H. Speer.*

For the defendant in error, *Bedle, Edwards & Holmes.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR.    Upon the opening of the counsel
for the plaintiff in the trial of the issue in this cause the
learned trial justice directed a nonsuit.    Thereafter, judg-
ment for the defendant was entered and this writ of error
was taken.    The error assigned was the granting of the non-
suit.

A motion for a nonsuit upon the opening of counsel is not
frequently resorted to.    In dealing with it, it is obvious that
the rule which is applied to a motion for a nonsuit at the
close of plaintiff's evidence is the one which should be applied.
In both cases, the question presented is whether the facts
stated or proved, and reasonable inferences which may be
drawn therefrom, disclose that the plaintiff is not entitled
to submit his case to the jury, because a verdict in his favor

could not be maintained. In practice, a motion for a nonsuit, made upon the opening of counsel, is, perhaps, more liberally treated than an application for a nonsuit at the close of the plaintiff's case. In the former case, if objection be made to a statement too meagre to sustain the plaintiff's case, counsel will, doubtless, be permitted to enlarge his statement. But in the haste required by the pressure of business at the present day, counsel, in general, restrict themselves to a mere outline of the case they design to present.

The opening appearing in the bill of exceptions is somewhat meagre, and if objected to on that ground, counsel would, no doubt, have been permitted to make his statement more complete.

But I think it does present a case for the jury if the facts stated therein were proved. It appears thereby that the defendant company, which furnishes light to a municipality, maintained wires upon a pole, and through those wires transmitted at times a current which was dangerous. Upon the same pole were strung wires of a telephone company by which plaintiff's intestate was employed as a lineman. The nature of the relation between the telephone company and the defendant company was not stated in the opening. But from the fact that the telephone company was maintaining the wires used in the business of that company upon the pole, it may be reasonably inferred that that company had acquired a right to so maintain them. If that inference were drawn, it would also follow that the telephone company had a right to resort to those wires for repairing and rearranging them. Its workmen, when sent to make repairs or to rearrange the wires, if in such employment they were required to ascend the poles, would not be trespassers, nor would they resort to the summit of the poles out of mere curiosity, but they would be there to exercise the right which their employer had in respect to its wires. It would also follow that the defendant company might be inferred to have knowledge that in the exercise of that right of the telephone company the workmen of the latter company would be compelled to ascend the poles and be brought into very close proximity with the wires of

the defendant company, and it might be therefrom inferred that a duty devolved upon the company to use reasonable care not to endanger the safety of such workmen by the dangerous current passing through its wires.

It has repeatedly been held in this court that corporations maintaining wires which carry strong and dangerous currents of electricity owe a duty to exercise a high degree of care to prevent injury thereby to persons who, in the exercise of a lawful right, may come in contact with them. A corporation maintaining such wires in a public street is liable for a breach of that duty, if, by a break in the wires, persons lawfully in the street are injured. *Newark Electric Co.* v. *Ruddy,* 33 *Vroom* 505; *S. C.,* 34 *Id.* 357. A like duty devolves upon a corporation which maintains such wires in places not public streets, where there is a reasonable probability that persons, in performing work, may come in contact with them. *Anderson* v. *Jersey City Electric Light Co., Id.* 387; *Brooks* v. *Consolidated Gas Co.,* 41 *Id.* 211. Corporations whose wires do not carry dangerous currents are held to a similar duty where they maintain their wires in places in which they may come in contact with other wires and be so charged with dangerous currents. *New York and New Jersey Telephone Co.* v. *Bennett,* 33 *Id.* 742; *Hamilton* v. *Bordentown Electric Light Co.,* 39 *Id.* 85; *Guinn* v. *Delaware and Atlantic Telephone Co.,* 43 *Id.* 276.

Counsel, in his opening, asserted that the defendant company had failed in the performance of the duty cast upon it in two respects—*first,* by having its wires apparently insulated while the insulation was, in fact, defective; and *second,* by sending a dangerous current through its wires at a time which was unusual and without notice.

The defendant company was a company for lighting the municipality and, customarily, sent its current through the wires only after the lights were required to be used. The plaintiff's intestate was killed by a current passing through the wires at half-past four in the afternoon, in midsummer.

If the motion for a nonsuit had been made upon the ground that the opening failed to disclose an act of negligence on the

part of the defendant company, I think it would have been properly refused. For the reasons above given, I think that the opening, though meagre in statement, yet contained enough facts which permitted sufficiently reasonable inferences therefrom, so as to make out the plaintiff's case, if the facts were proved.

But the application was distinctly put by counsel for the defendant company upon an admission made in the opening to the effect that plaintiff's intestate had handled the wire of the defendant company with naked hands and without the protection of rubber gloves, and that that admission indicated that the deceased had failed to take that care for his personal safety which every man is required to take, and thereby negligently contributed to the injury which occasioned his death. It is obvious, moreover, from the colloquy which took place between the trial justice and the counsel, that the granting of the motion to nonsuit was placed by the justice entirely upon this ground, and he gave no consideration whatever to any supposed defect in the opening on any other point.

As was said by Justice O'Brien in the case of *Hoffman House* v. *Foote,* 172 *N. Y.* 348, in dealing with a question of a judgment dismissing the plaintiff's complaint upon the opening of counsel, the plaintiff's counsel may, in his opening address, by some admission or statement of facts, so completely ruin his case that the court is justified in granting a nonsuit. That was the position which the defendant company assumed in supporting this application for a nonsuit, and the learned justice who presided at the trial found that by the admission of the counsel of the plaintiff a fact was introduced which required the case to be taken from the jury.

But the learned trial justice, in reaching the conclusion that the contributory negligence of plaintiff's intestate was a necessary inference from the admitted fact that he handled the wire without the protection of rubber gloves, ignored two facts also stated in the opening. One fact was that the wire handled appeared to be protected by insulation, but that the insulation was defective. The other fact was that the wires of the defendant company did not ordinarily carry any cur-

rent in the daytime, which fact was known to plaintiff's intestate.

In my judgment, upon the whole opening, if proved, it was for the jury to say whether, with this knowledge, the lineman was negligent in assuming that there was no risk in handling such a wire, which was not then customarily employed in distributing a current for electric light, and which appeared to be insulated. The case, in respect to assumption of risk, is not unlike the case of *Snyer* v. *New York and New Jersey Telephone Co.*, 44 *Vroom* 535, in which, under similar circumstances, this court declared that there was a question for the jury on that subject.

The result is that the judgment must be reversed for a *venire de novo*.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, DILL, J.J.   13.