CHARLES F. PIETSCH, Appellee, *vs.* OTTO E. PIETSCH *et al.* Appellants.

*Opinion filed June 29, 1910.*

1. TRIAL—*purpose of the opening statement to jury.* The only purpose of the opening statement is to give the jury an idea of the nature of the action and defense; but such statement is not a necessary matter, nor is it intended to take the place of pleadings, as a legal statement of the cause of action or defense.

2. SAME—*right to introduce evidence is not governed by opening statement.* A party is entitled to introduce evidence to prove a cause of action or to defend against evidence tending to sustain a cause of action even if no opening statement is made, and if one is made he is not confined to it in the introduction of evidence.

3. SAME—*opening statement is not an admission of the facts.* The authority of an attorney to admit facts and waive the introduction of evidence thereof is limited to admissions in the trial of the case, but the opening statement to the jury is not an admission which the court or the jury can treat as binding upon the client.

4. SAME—*court cannot direct a verdict on opening statement.* If the parties are entitled to a trial by jury on the issues raised by the pleadings the verdict must rest upon the evidence or want of evidence, and the court cannot treat the opening statements of the attorneys as evidence and direct a verdict thereon.

5. SAME—*court should decline to proceed when called upon to adjudicate rights based on illegal contract.* When it appears that the court is being called upon to adjudicate rights based upon a contract void as against public policy or as in violation of law, the court should decline to proceed with the case, whether the claim of illegality is made by the pleadings or not.

6. SAME—*what is not ground for directing a verdict.* A statement in defendants' motion for a continuance in a forcible detainer case, to the effect that their remedy against the action was in equity and that they desired to proceed in a court of equity, is not ground for directing a verdict upon a denial of the continuance.

7. FORCIBLE DETAINER—*fact that title is in plaintiff is not conclusive of right to possession.* Even though it is admitted in a forcible detainer suit that the title to the premises is in the plaintiff, it does not necessarily follow from such admission, and from the fact that the title cannot be adjudicated in such an action, that the plaintiff is entitled to the possession of the premises.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding.

EDWIN L. HARPHAM, LAMBERT KASPERS, and C. W. GREENFIELD, for appellants.

HENRY R. BALDWIN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a suit in forcible detainer for the possession of a lot in Chicago, begun by Charles F. Pietsch, the appellee, by filing his complaint in the municipal court of Chicago against Otto E. Pietsch and Helen Pietsch, appellants. After a jury had been empaneled and sworn the attorney for plaintiff made an opening statement of the case to the jury, to the effect that the defendants, who are husband and wife, had made a mortgage or trust deed on the lot, which was foreclosed; that a sale was made under the decree, from which there was no redemption; that a deed was made, in pursuance of the sale, to Charlotte L. Clark; that the property was bought from her by the plaintiff for $3000 or $4000 and a deed was made to him; that the defendants were in possession of the premises and refused to surrender possession after demand in writing; that the testimony might show there was some talk concerning an agreement that if the defendants would pay to the plaintiff the amount of money that was represented by his purchase of the property, with interest and costs, within a reasonable time, they might have the property and he would deed it to them; that if it should appear there was an agreement the plaintiff was still willing to perform it, but that he was claiming the possession of the property in the suit. An attorney for the defendants then stated to the jury, in substance,

that the defendant Helen Pietsch, being the owner of the premises occupied by the defendants as their home, made a mortgage on the same, which was foreclosed; that about the time when the redemption would expire she went to the plaintiff, her brother-in-law, and wanted him to loan her the amount of the mortgage and permit her to remain there; that he let her have the money as a loan but said he would take the deed in his own name as security; that he put up something over $4000; that the matter ran along and she paid him back $1000 at one time, $150 at another and afterward $200 more; that it ran along for three or four years afterward, and she had another piece of property upon which there was a mortgage of $8800 and he said he would loan her enough money to take that in. The attorney for the plaintiff objected to the statement relating to other property, and the attorney for the defendants said that he wanted to state to the jury that the plaintiff got his money back by means of a mortgage upon the other piece of property and this one, but the court sustained the objection and an exception was taken to the ruling. Continuing, the attorney stated that the amount was $4283.98 upon which payments had been made, and that it was agreed that Mrs. Pietsch should remain in possession of the premises and was entitled to remain there. The court then said, "I assume you have stated all of your defense," and the attorney replied, "Yes, sir," whereupon the court instructed the jury to return a verdict finding the defendants guilty of unlawfully withholding possession of the premises and that the right of possession was in the plaintiff. The jury returned a verdict accordingly, and the court, after overruling a motion for a new trial, entered judgment on the verdict. The Appellate Court for the First District affirmed the judgment and granted a certificate of importance and an appeal to this court.

When the jury had been sworn to try the issues and render a verdict according to the evidence it was the privi-

lege of the attorney for each party, if he saw fit to do so, to
make an opening statement of what he expected to prove.
Such a statement is not intended to take the place of a dec-
laration, complaint or other pleading, either as a statement
of a legal cause of action or a legal defense, but is in-
tended to advise the jury concerning the questions of fact
involved, so as to prepare their minds for the evidence to
be heard. How full it shall be made, within reasonable
limits, is left to the discretion of the attorney, but the only
purpose is to give the jury an idea of the nature of the
action and defense. To relate the testimony at length will
not be tolerated. (I Thompson on Trials, 267.) A party
is entitled to introduce evidence and prove a cause of action
or to defend against evidence tending to sustain a cause of
action if no statement at all is made, and is not confined
in the introduction of evidence to the statement made in
the opening, if one is made. The opening statement may
be wrong as to some facts, and there is no requirement
that it shall give all the facts of the case, which may turn
out to be different from the statement. The argument that
a court may direct a verdict, not upon the evidence or the
want of evidence but upon the statement of an attorney,
rests mainly upon the power of an attorney to make ad-
missions binding upon his client and to waive his rights.
There is no dispute about the authority of an attorney to
admit facts on the trial and waive the necessity of intro-
ducing evidence as to such facts, but the authorities cited
relate to such admissions in the trial of the case. That the
opening statement to the jury cannot be treated as an ad-
mission of facts binding upon the client was decided in
*Lusk* v. *Throop,* 189 Ill. 127, where the refusal of an in-
struction that any statement made by the attorney for the
plaintiffs in his opening statement, about what the evidence
would show, was as binding upon the plaintiffs as if the
plaintiffs themselves had made such statement, and as such
should be considered by the jury in making their verdict,

was endorsed by this court. If the jury could not treat statements of an attorney, in his opening statement, as to what the evidence would show as admissions of fact binding on the client and consider the same in making up their verdict, the same rule must necessarily be applied to the court, and it follows that there was no admission here of the cause of action or that there was no defense to it. Even if it could be said that the attorney admitted that the legal title to the lot was in the plaintiff and the title could not be tried in forcible detainer, there was no attempt to try the question of title. The title was not involved and could not be tried or determined, but it did not necessarily follow that the plaintiff was entitled to the possession of the property. The law in England is, that a court cannot take such action as was taken in this case upon an opening statement. In *Fletcher* v. *London and Northwestern Railway Co.* 65 L. T. Rep. 605, the judge non-suited the plaintiff on the ground that the opening statement did not show any cause of action, and it was held that the judge at the trial had no right to non-suit a plaintiff upon his counsel's opening statement without the consent of his counsel. It was pointed out that a suitor might lose his case because his counsel had omitted or mis-stated something in the opening, and the course adopted in that case was condemned as most dangerous to the rights of litigants. The law is the same in Wisconsin. (*Fisher* v. *Fisher,* 5 Wis. 472; *Hadley* v. *Western Transit Co.* 76 id. 344.) The same argument was made to the Wisconsin court that is made here,—that it would be convenient and conduce to the speedy administration of the law and justice to permit the court to decide the case upon an opening statement; but while that was conceded by the court, the practice was considered too dangerous to the rights of clients to be sanctioned. It is undoubtedly true that the method adopted in this case would be expeditious, and if there were no omissions or defects in the statement, and it was certain that the evi-

dence would turn out in accordance with it, the court might be enabled to do justice; but it would be a still more expeditious method and equally conduce to the ends of justice for the court to call up the attorneys and examine them and decide the case on what they say before calling a jury, whereby much time, labor and expense would be saved. But if parties have a right to a trial by jury of the issues made by the pleadings, the verdict must rest upon evidence or want of evidence and not upon opening statements.

The decision chiefly relied upon in support of the ruling of the court was made in *Oscanyan* v. *Winchester Repeating Arms Co.* 103 U. S. 261, but that was a case where the statement disclosed a contract that was void, as being corrupt in itself and prohibited by morality and public policy. The statement was that the plaintiff sued for commissions on a sale of arms to the Turkish government, of which he was then consul general at the port of New York, and no court would entertain any action upon such a contract. Counsel for appellee is unable to perceive any difference between stating a corrupt cause of action contrary to public policy and good morals and failing to state a good cause of action or defense, but the difference is quite apparent. If a cause of action is such as no court would entertain, a court is bound to raise the question in the interest of due administration of justice and not for the benefit or in the interest of either party. Whether a claim of illegality is made by the pleadings or not, parties cannot compel a court to adjudicate upon alleged rights growing out of a contract void as against public policy or in violation of public law. *Wright* v. *Cudahy,* 168 Ill. 86; *Crichfield* v. *Bermudez Asphalt Paving Co.* 174 id. 466.

In this case the defendants had moved for a continuance for a limited time and urged as a ground that their remedy against the action was in equity and that they desired to proceed in a court of equity, but the continuance

was denied and the grounds stated in support of the motion formed no basis for directing the verdict.

The judgments of the Appellate Court and the municipal court are reversed and the cause is remanded to the municipal court.                                    *Reversed and remanded.*