COHEN v. HURWITZ et al.

(Supreme Court, Appellate Term.   February 9, 1911.)

1. TRIAL (§ 109*)—MOTION FOR JUDGMENT—DEMURRER TO ANSWER.

Where defendants' verified answer was not demurred to, plaintiff could not move for judgment on the opening statement of defendants' counsel, but could only object to the testimony offered by defendants, and, if no defense was shown at the close of the case, ask for a directed verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 367, 388, 395; Dec Dig. § 109.*]

2. APPEAL AND ERROR (§ 837*)—DISMISSAL—REVIEW—FACTS PLEADED.

When a complaint is dismissed on the pleadings on the opening of counsel, the facts stated in the complaint are to be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3262; Dec. Dig. § 837.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham Cohen against Nathan Hurwitz and others. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Louis B. Brodsky, for appellants.
Morris Meyers, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HENDRICK, J. The parties proceeded to trial before a jury in this case, and after the plaintiff had rested, and the court had denied the defendants' motion to dismiss the complaint, the plaintiff's attorney requested that the opening of the defendants' counsel should be taken by the stenographer which was done. After defendants' counsel had finished his opening, the plaintiff's counsel moved for judgment upon such opening, which motion was granted.

We know of no authority for such proceeding. If the answer, which was in writing and verified, did not set forth a defense, its sufficiency could have been tested by demurrer. Not having demurred thereto, the only course left the plaintiff was to object to the testimony offered on the part of the defendants, and, if no defense was shown, at the close of the case, ask for the direction of a verdict. Even in courts of record, when a complaint is dismissed upon the pleadings upon the opening of counsel, the facts stated in the complaint are to be considered upon appeal. Roblee v. Town of Indian Lake, 11 App. Div. 435, 42 N. Y. Supp. 326.

The answer in the case at bar sets up a defense to the plaintiff's cause of action, and the judgment was improperly granted.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

DELANY, J., concurs.

LEHMAN, J. I concur, on the ground that proof of the facts stated in counsel's opening would have constituted a complete defense, and this proof was admissible under the pleadings.