C. A. Wilson et al., copartners, trading as Produce Dealers' Service Bureau, Appellees, v. Ellen Larson, trading as Oxford Produce Company, Appellant.

### Gen. No. 23,261.

1. TRIAL, § 191*—*when direction of verdict for plaintiff proper*. A trial court may properly direct a verdict for plaintiffs upon a definite offer by defendant of proof which the court, on motion, excludes.

2. PLEADING, § 431*—*when exclusion of evidence proper*. Evidence offered by a defendant as to matters without his affidavit of merits is properly excluded.

3. APPEAL AND ERROR, § 433*—*what point may not be first raised on review*. The point that plaintiffs' affidavit of claim was not sworn to cannot be raised first on review.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 13, 1918. Rehearing denied March 26, 1918.

STEDMAN & SOELKE, for appellant; SWAN M. JOHNSON, of counsel.

FRANK SCHOENFELD, for appellees.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was a suit brought by C. A. Wilson, J. R. Rockwell and W. T. Vickers, copartners, trading as the Produce Dealers' Service Bureau, appellees, hereinafter referred to as the plaintiffs, against Ellen Larson, trading as Oxford Produce Company, appellant, hereinafter referred to as the defendant, in which the plaintiffs filed a declaration consisting of the common counts with an affidavit of claim, and the defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant filed a plea of the general issue with an affidavit of merits in which she stated that her defense was as follows: "That the said defendant never ordered or received the goods, wares and merchandise alleged as sold and delivered, of said plaintiff, to the value of five hundred forty-nine dollars and fifty cents, or any sum whatsoever."

At the close of the plaintiffs' case, counsel for the plaintiffs moved to exclude some of the evidence brought out on cross-examination. There was some argument on this motion during which the jury were excluded. Before the jury were excluded, counsel for the defendant had begun his opening statement to the jury but had only uttered a few words when he was interrupted by plaintiffs' motion just referred to. In the absence of the jury, and during the argument on this motion, counsel for the defendant stated what his defense would be. Counsel for plaintiffs made the point that the defense as stated was without the issues made by the affidavit of merits and he insisted, and the court ruled, that the defendant's evidence would be limited to the issues as made by the affidavit of merits the defendant had filed. Defendant's counsel stated he would like to make his offer of proof, whereupon the jury were recalled, and counsel for the defendant then offered to prove that the goods in question "were never ordered or delivered to the defendant * * *; that there was a sale by sample; * * * that the goods delivered were not of the grade of the sample; * * * that the defendant never ordered or received the goods, wares or merchandise of the character purchased of the plaintiff, to the amount of $547.50 or any sum whatsoever." Counsel for the defendant objected to the offer. The objection was sustained and a motion to instruct the jury to find for the plaintiffs was allowed. The verdict and judgment for the plaintiffs followed.

In urging that the judgment should be reversed,

the defendant alleges that it is error for the trial court to direct a verdict on counsel's opening statement to the jury, citing *Pietsch v. Pietsch*, 245 Ill. 454, but that case is not in point. In the case at bar, the defendant made a definite offer of proof which is quite different from an opening statement, and, upon his offer, the court had the power to rule. As the evidence offered was in regard to matters without the issues made by defendant's affidavit of merits, the court ruled properly.

The defendant further urges that the ruling was improper for the reason that plaintiffs' affidavit showing the nature of the demand was not sworn to, and that, therefore, the defendant need not have filed an affidavit of merits and it should be disregarded and the issues considered as made up by the common counts and the general issue, which would create a situation broad enough to admit the evidence which was the subject of the defendant's offer. As to this point, it need only be said that it was not raised below and cannot be urged here for the first time. Further, it appears from the record that the original declaration was lost and was restored under an order of court based on proper affidavits, in which it is set forth that, whereas the carbon copy of the declaration in the court files did not show that plaintiffs' affidavit of claim was sworn to, the lost original declaration did so show, and the copy filed in lieu of the lost original does so show.

Finding no error in the record, the judgment of the County Court is affirmed.

*Affirmed.*