163 So. 363

### SOUTHERN RY. CO. v. McCANTS.

6 Div. 632.

Court of Appeals of Alabama.
April 16, 1935.

Rehearing Denied June 4, 1935.

443

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

RICE, Judge.

We deem it unnecessary to undertake to formulate a statement of the exact degree of binding force, against the party, which assertions of a party's counsel made in opening his case before the court and jury possess.

It seems all but conceded that said statements have considerable weight; and considerable, under the circumstances that here appear, is sufficient as a basis for our decision.

As we understand this case, if appellee was on or upon appellant's train, at the time and place fixed by all the testimony, he was, or at least it was open to the jury to find that he was, guilty of a violation of the terms of section 6026 of the Code of the city of Birmingham of 1930, to wit, being "found on the premises of another in the night time, under suspicious circumstances."

Whether or not appellee was or was not upon said train at the time he was arrested became, then, a vital fact to be considered by the jury. Their verdict seems of necessity to have been based upon the finding that he was not upon the train at said time.

Upon this finding, we observe that appellee's distinguished counsel, in making his opening statement to the jury, used the following language:

"May it please the Court and, gentlemen of the jury, this suit is by this negro Robert McCants, plaintiff, against several defendants. * * *

"The arrest was made under circumstances something like this: On or about the 21st day of December of last year this boy, the plaintiff, Robert McCants, had been up to the T. C. I. commissary to get his allotment of flour. I believe it was Red Cross flour, or it was flour that was being distributed there. He had stayed in line for a substantial length of time, and the allotment had run out before he got up to his place; and he then left, with several others, who were similarly disappointed, and started on back to their places of residence; and, as they went back across the crossing of the Southern Railroad, at Pratt City, I think, where the Frisco and Southern tracks cross, or near there, on the public highway road at that point, a train of the defendant came up and blocked the crossing while he was there waiting for the train to come through, waited some 8 or 10 minutes. *Finally he started on through the coupling, like so many of you*

*have done and so many people do all the time,* and this Alfred Hodges came up to him and hollered at him and made him get off, and took a gun and pointed it in his face, and took a sack of coal that he, Alfred Hodges had himself in his possession, and made this negro pick it up; and then called or sent for Mr. Tate to come up immediately after that; and the negro himself took the gun and flashed it on Robert, the plaintiff, and told him he was under arrest." (Italics supplied.)

In addition to the above, at least one of appellee's witnesses, his brother, and all the appellant's witnesses, swore positively that appellee was upon the train at the time he was arrested.

If it were not for these expressions used by counsel for appellee in stating his case to the jury, we would be disposed to be controlled by the holding in Veid v. Roberts, 200 Ala. 576, 76 So. 934, and leave the appellant where the jury left it.

But knowing, as we do, that counsel before making the opening statement has always conferred at length, and confidentially, with his client; knowing that he is careful to ascertain the facts, and all the facts, as his client gives them to him in confidence; and knowing that counsel does not, perhaps in any case, certainly not the capable, careful counsel who represented appellee on the trial of this case, lightly, or loosely, state as a fact a matter so vital to his client's right of recovery; we say, knowing all this, we are led irresistibly to the conclusion that the verdict was so opposed to the overwhelming weight of the evidence as that it, and the judgment entered thereon, ought to have been set aside on appellant's timely motion. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

For the error in overruling appellant's said motion, the judgment will be reversed and the cause remanded.

■ Other questions presented will not be considered, because in the first place they may arise in a changed form on another trial; or, if they do not, the decisions of the Supreme Court cited in the briefs filed here contain as definite answers to them as we could state, and our province is merely to follow those decisions. Code 1923, § 7318.

The judgment is reversed, and the cause remanded.

Reversed and remanded.