192 So. 588

**WILKEY et al. v. STATE ex rel. SMITH.**

**6 Div. 603.**

Supreme Court of Alabama.

Dec. 21, 1939.

Lange, Simpson, Brantley & Robinson, James A. Simpson, and Herbert J. Ward, all of Birmingham, for appellants.

Hugh A. Locke, Pres. of Birmingham Bar Ass'n, of Birmingham, Richard T. Rives, Pres. of Ala. Bar Ass'n, of Montgomery, and Francis Hare, of Birmingham, for appellees.

the issue of fact formed by the pleadings, the court was without authority to conclude the case without the introduction of the evidence (and to do this against defendants' objection) merely on counsel's opening statement to the jury.

Such statement is merely to advise the jury concerning the issues of facts involved. Constitution of Alabama, § 11; Code of 1923, §§ 8593, 8594, 8595 and 9498; Temple v. Cotton Transfer Company, 126 Neb. 287, 253 N.W. 349; Pietsch v. Pietsch, 245 Ill. 454, 92 N.E. 325, 29 L.R.A.,N.S., 218; Fisher v. Fisher, 5 Wis. 472; Haley v. Western Transit Co., 76 Wis. 344, 45 N. W. 16; Smith v. Commonwealth Ins. Co., 49 Wis. 322, 5 N.W. 804; Cohen v. Hurwitz, Sup., 127 N.Y.S. 341; Fletcher v. London & N. W. R. Co., 1892, 1 Q.B. 122.

The opening statement of counsel, under Alabama practice, is not evidence and does not necessarily contain all or even a major part of defendant's case. It is merely intended to indicate the issues of fact to the jury. A defendant is at liberty to present evidence of facts which were not mentioned or foreshadowed in defendant's opening statement to the jury. This is the well-considered announcement in leading cases. Brashear v. Rabenstein, 71 Kan. 455, 80 P. 950; Martin Emerich Outfitting Co. v. Siegel C. & Co., 108 Ill.App. 364; DeWane v. Hansow, 56 Ill.App. 575; Fillingham v. St. Louis Transit Co., 102 Mo. App. 573, 575, 77 S.W. 314; Charada Inv. Co. v. Trinity Universal Ins. Co., 188 Wash. 325, 62 P.2d 722; Caylor v. Casto et al., 137 Kan. 816, 22 P.2d 417; Carter v. King County, 120 Wash. 536, 208 P. 5, 6; Frisell v. Surry, 99 Wash. 201, 169 P. 317; Schripps v. Reilly, 35 Mich. 371, 388, 389, 24 Am.Rep. 575; 1 Thompson on Trials, § 267.

The procedure followed by the trial court presents a case of first impression in this court, in the trial court's directing a verdict upon the alleged admissions of defendants' counsel in his opening statement to the jury.

A search of our cases brings to light only one decision involving the effect of opening statements to the jury as admissions of fact. The pertinent decision was in Southern Railway Co. v. McCants, 26 Ala. App. 442, 163 So. 363, wherein the Court of Appeals stated that weight should be given to opening statements of counsel. The decision involved an appeal from judg-

**THOMAS, Justice.**

The several assignments of error challenge the action of the trial court in giving to the opening statement of appellants' counsel, defining the issues of fact to the jury, evidential effect authorizing the general affirmative charge against appellants.

Appellants thus state the question: A jury having been impaneled and sworn and

ment rendered upon the evidence after a trial including the testimony of witnesses for the parties. The question on appeal was whether the verdict was *against the weight of evidence in the light of the testimony and the opening statement of counsel.* The court held that an opening statement, in itself, was not sufficient to support a directed verdict, and that such statement was not conclusive. Certiorari was denied on said theory, 231 Ala. 22, 163 So. 365.

The question for decision is illustrated by our cases hereinafter noted.

In Loeb v. Webster, 213 Ala. 99, 104 So. 25, to unduly limit the opening statement of counsel was held to be error. In Birmingham Baptist Hospital v. Branton, 218 Ala. 464, 118 So. 741, it was held not to be improper to state the facts or to remark that the mother would suffer by baby's death. In Brown v. Leek, 221 Ala. 319, 128 So. 608, it was held that immaterial and prejudicial matter may not be introduced in opening statement of counsel, that the time, manner and character of said statement was within the discretion of the trial court. In Atlanta Life Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561, it was held that opening statements may disclose the basis of the suit and the source of title. In Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837, it was held that counsel may, in good faith, show the theory on which the proceedings were had and state the facts of the res gestae.

In Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 188, 153 So. 261, 264, this Court said: "The right of counsel to make a preliminary or opening statement to the jury is fully recognized in this jurisdiction, but this right is not unlimited. The purpose and function of such a statement is to advise the jury of the facts relied upon to make up his right of action or defense, 'to define the nature of the questions involved, and advise them of the issues to be tried so as to enable them to understand the case to be tried.' Counsel, of course, may, in a reasonable way, outline what he expects to prove, unless it is manifest that such proof would be incompetent, or the offer or statement is made for the purpose of improperly influencing the jury. * * *"

The English rule is stated as follows:

"I am of the opinion that the learned judge struck too soon. I will state the proposition in its broadest form. In my opinion a judge has no right, without the consent of the plaintiff's counsel, to non-suit the plaintiff upon his counsel's opening statement of the facts. The opening of counsel may be incorrect in consequence of his having had wrong instructions. Owing to some accident, even with the greatest care, the evidence of the witnesses when they are called may differ from that which has been opened by counsel. It is for that very reason that a right of reply is given to the plaintiff's counsel, and in recent times a right to sum up the evidence has been given to the plaintiff's counsel, and the defendant's respectively, after his witnesses have been called. The experience of judges and of practitioners shews that the evidence often turns out to be somewhat different from that which appears in the instructions given to counsel. Therefore I state this proposition in its full extent—a judge has no right to non-suit a plaintiff upon his counsel's opening without the consent of the counsel. That is what the learned judge has done in the present case. There was no assent on the part of the plaintiff's counsel. On the contrary, the plaintiff's counsel insisted upon his right to have the plaintiff's witnesses called, but, notwithstanding this, the learned judge persisted in non-suiting the plaintiff on his counsel's opening. I think he was wrong in so doing, and the case must go down for trial." Fletcher v. London and North Western Railway Company, 1892, 1 Q.B. 122.

The Supreme Court of Illinois in the case of Pietsch v. Pietsch, 245 Ill. 454, 92 N.E. 325, 326, 29 L.R.A.,N.S., 218, reversed the trial court for directing a verdict on the opening statement of defendant's counsel, and held:

"When the jury had been sworn to try the issues and render a verdict according to the evidence, it was the privilege of the attorney for each party, if he saw fit to do so, to make an opening statement of what he expected to prove. Such a statement is not intended to take the place of a declaration, complaint, or other pleading, either as a statement of a legal cause of action or a legal defense, but is intended to advise the jury concerning the questions of fact involved, so as to prepare their minds for the evidence to be heard. How full it shall be made, within reasonable limits, is left to the discretion of the attorney, but the only purpose is to give the jury an idea of the nature of the action and defense. To relate the testimony at

length will not be tolerated. 1 Thompson on Trials, 267. A party is entitled to introduce evidence and prove a cause of action or to defend against evidence tending to sustain a cause of action if no statement at all is made, and is not confined in the introduction of evidence to the statement made in the opening, if one is made. The opening statement may be wrong as to some facts, and there is no requirement that it shall give all the facts of the case, which may turn out to be different from the statement. The argument that a court may direct a verdict, not upon the evidence or the want of evidence but upon the statement of an attorney, rests mainly upon the power of an attorney to make admissions binding upon his client and to waive his rights. There is no dispute about the authority of an attorney to admit facts on the trial and waive the necessity of introducing evidence as to such facts, but the authorities cited relate to such admissions in the trial of the case. That the opening statement to the jury cannot be treated as an admission of facts binding upon the client was decided in Lusk v. Throop, 189 Ill. 127, 59 N.E. 529.

\* \* \* \* \* \*

"The decision chiefly relied upon in support of the ruling of the court was made in Oscanyan v. Winchester Repeating Arms Co., 103 U.S. 261, 26 L.Ed. 539, but that was a case where the statement disclosed *a contract that was void, as being corrupt in itself and prohibited by morality and public policy.* [Italics supplied.]"

In the case of Temple v. Cotton Transfer Co. et al., 126 Neb. 287, 253 N.W. 349, 350, the court well observed:

"The action of the trial court in the present case exemplifies a development in legal proceedings peculiar to American jurisprudence. The principle of procedure here involved is to be distinguished from cases involving the exercise of the inherent power of courts when their jurisdiction is invoked in transactions which may clearly be deemed contra bonos mores or obnoxious to public policy, such as an attempt by judicial procedure to obtain compensation for acts which the law denounces as corrupt and immoral, or declares to be criminal, such as attempts to bribe a public officer, or to evade the revenue laws, embezzle public funds, or clear, intentional, manifest, and continued abuse of judicial functions or process. In such a case it is the manifest duty of any court to take advantage of any source of information available and, on its own motion, exercise the full measure of its powers of investigation, and if it should clearly appear that for any reason suggested there could be no recovery, such court should not hesitate to so declare, and give such direction at the earliest possible moment as will dispose of the action. Oscanyan v. Arms Co., 103 U.S. 261, 26 L.Ed. 539; Ferson v. Armour & Co., 109 Neb. 648, 192 N.W. 125.

\* \* \* \* \* \*

"Clients may not be penalized for failure of attorneys to conform to requirements which the terms of the statute do not exact. It also clearly appears that these statements may not, because of the limited purpose which called them forth, be deemed 'admissions' in the technical sense of that term. 'Admissions by counsel, made in good faith at the trial of an action in open court for the purpose of dispensing with testimony, bind their clients. \* \* \* But such admissions, in order to bind a client, must be distinct and formal, and made for the express purpose of dispensing with formal proof of a fact at the trial.' \* \*"

In Best, Administrator, v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 489, 78 L.Ed. 882, the Federal Rule is thus stated: "The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced. Oscanyan v. Arms Co., 103 U.S. 261, 263, 26 L.Ed. 539. The exercise of this power in a proper case is not only not objectionable, but is convenient in saving time and expense by shortening trials. Liverpool, New York & P. S. S. Co. v. Commissioners, 113 U.S. 33, 37, 5 S.Ct. 352, 28 L.Ed. 899. But the power is not properly exercised if the opening statement leaves doubt as to the facts or permits conflicting inferences. Where uncertainty arises either from a conflict of testimony or because the facts being undisputed, fairminded men may honestly draw different conclusions from them, the question is not one of law, but of fact to be settled by the jury. Richmond & Danville R. Co. v. Powers, 149 U.S. 43, 45 [13 S.Ct. 748, 37 L.Ed. 642]; Texas & Pacific Ry. Co. v. Harvey, 228 U.S. 319, 324 [33 S.Ct. 518, 57 L.Ed. 852]; Gunning v. Cooley, 281 U.S. 90, 94 [50 S.Ct. 231, 74 L.Ed. 720]. The opening statement of counsel is ordinarily intended to do no more than to inform the jury in a general way of the nature of the action and defense so that they may better

be prepared to understand the evidence. 'If a doubt exists,' said the Court in the Oscanyan Case, supra, 'as to the statement of counsel, the Court will withhold its directions, as where the evidence is conflicting, and leave the matter to the determination of the jury.' Plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's statement. To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness, but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists. See Illinois Power & Light Corp. v. Hurley [8 Cir.], 49 F.2d 681, 684; Stuthman v. United States [8 Cir.], 67 F.2d 521, 523."

It will be noted that in the Oscanyan case, supra, the suit was sought to be rested upon an illegal contract or that which sought to ignore recognized public policy of the government.

We have examined the important cases from other jurisdictions touching the giving of the general affirmative instruction, based on the opening statement of counsel to the jury. As we understand these decisions, the rule sought to be followed, or which has been invoked generally, refers to statements by plaintiff's counsel intended to show a cause of action and that in support thereof, and not that by defendant's counsel stating generally the line of defense. The majority of the cases cited when the charge was given are where plaintiff has insisted in opening statement upon an immoral contract or that against public policy, or where it clearly appears, after resolving all doubt in plaintiff's favor, no cause of action is shown to exist.

For example, in Best, Administrator, v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882, the verdict was directed in defendant's favor upon the ground that no cause of action had been stated. In Oscanyan v. Arms Company, 103 U.S. 261, 26 L.Ed. 539, the trial court directed a judgment for defendant upon opening statement of plaintiff's counsel, disclosing the illegality of the contract on which the suit was based. In Illinois Power & Light Corp. v. Hurley, 8 Cir., 49 F.2d 681, 684, the defendant moved for a directed verdict upon the opening statement of plaintiff's counsel and the court held the rule only "applicable where the statement clearly

shows that no cause of action exists." To the same effect was the decision in Stuthman v. United States, 8 Cir., 67 F.2d 521.

The majority of the cases cited are rested on statement of plaintiff's counsel rather than on statement of defendant's counsel: the cases to the contrary were generally by intermediate federal courts. In the cases applying the rule, caution was advised in its application.

In Rock River Investment Co. v. Mountain Finance Corp., 94 Colo. 539, 31 P.2d 914, on the authority of Berry's Sons Co. v. Monark Gasoline & Oil Co., 8 Cir., 32 F. 2d 74, 64 A.L.R. 1110, Mr. Justice Campbell said that the question for the appellate court was whether the party in complaint stated a cause of action and whether any statement of counsel to the jury affirmatively precluded recovery. This holding appears to refer to opening statements of counsel for plaintiff and not for defendant, the court saying that in such a case (where trial court directed such a verdict) all inferences are in support of the plaintiff's statement to the jury. Such was the holding in Bias v. Reed, 169 Cal. 33, 145 P. 516.

In Anderson v. Missouri States Life Ins. Co., 6 Cir., 69 F.2d 794, it is observed as axiomatic that in order to sustain a judgment upon a mere statement of counsel, recovery or defense must be clearly precluded; that broad and liberal interpretations must be made without too precise limitations of the meanings of specific words and phrases employed by counsel.

In Gross v. Bennington, 52 Wash. 417, 100 P. 846, 847, it is declared that upon the conclusion of plaintiff's cause, the defendant made an opening statement to the jury. At the conclusion of such statement, motion was made for judgment upon the statement and upon the pleading, which motion was granted. The observation was that "all the courts agree that the power of the court in this particular should be exercised with caution, and that counsel should have the benefit of the presumption that he did not intend to make a statement or admission that would be fatal to his case.

The rule lately announced by the Massachusetts Court in Meeney v. Doyle, 276 Mass. 218, 177 N.E. 6, is that a trial court has the power, in a proper case, to direct a verdict at the close of the opening statement for the plaintiff; that he is not, as a matter of law, obliged to do so (Farnham

v. Lenox Motor Car Co., 229 Mass. 478, 118 N.E. 874, and Energy Electric Co. v. General Elec. Co., 262 Mass. 534, 160 N.E. 278) ; and that so to rule rests in the discretion of the trial court.

In the extended annotations on the subject of "direction of verdict on opening statement of counsel," 83 A.L.R. 221, it is stated:

"This annotation does not cover the question whether, upon the particular matter included in an opening statement, a verdict should be directed, but is confined to the general question of the right to direct a verdict on the opening statement of counsel.

"1. General Rules. It is well established as a general rule, subject to qualifications subsequently shown, that where the opening statement of counsel clearly shows that there is no cause of action, or that a defense to the action exists, the trial court is authorized in its discretion to direct a verdict."

The qualifications are (1) to be exercised with great caution and where clear no cause of action or defense exists; (2) a favorable interpretation in favor of statement and (3) never without full opportunity to explain and qualify. ·

In addition to the many authorities cited from the Federal Courts are decisions from Arkansas, District of Columbia, Illinois, Kansas, Massachusetts, Michigan, Minnesota, Missouri, Montana, New Hampshire, New Jersey, New York, Ohio, Oklahoma, South Dakota and Washington, supporting the text as stated by the annotations. In the cases cited the reason given for the rule is that it would be an idle waste of time, which would not benefit the party offering it, when it was shown that recovery will not be sustained. State v. Hall, 55 Mont. 182, 175 P. 267; Cornell v. Morrison, 87 Ohio St. 215, 100 N.E. 817; Redding. v. Puget Sound Iron & Steel Works, 36 Wash. 642, 79 P. 308.

The annotator then discusses Oscanyan v. Winchester Repeating Arms Co., 103 U.S. 361, 26 L.Ed. 539; cites Hey v. Prime, 197 Mass. 474, 84 N.E. 141, 17 L.R.A.,N.S., 570; Steele v. Wells, 66 Hun 626, 20 N.Y. S. 736, 49 N.Y.St.R. 646, indicates that in Wisconsin the practice of granting a nonsuit upon the opening statement of the case does not prevail, and closes the discussion of the subject with the English Case of Fletcher v. London & N. W. R. Co., 1892,

1 Q.B., Eng., 122, C.A., denying that right as we have indicated above. This will sufficiently illustrate the holdings of the several jurisdictions,·state and·federal, on the important question·now for decision for the first time by this court.

We do not rest the decision on the fact that there may be a sound distinction between opening statements to the jury of parties plaintiff and defendant. This would appear to have been recognized by the majority of the decisions indicated. In the opening statement the plaintiff must maintain his right to recovery. The defendant, being drawn into court by the pleading, has not been held to the same strict rule by courts of last resort as that applied to plaintiff's opening statement by counsel.

We observe as to the cases from this jurisdiction, now to be considered, that all save one dealt with opening statements to the jury by counsel for plaintiff. In Southern Railway v. McCants, 26 Ala.App. 442, 163 So. 363, the decision rested upon such statement by plaintiff's counsel taken in aid of the evidence. In Loeb v. Webster, 213 Ala. 99, 104 So. 25, and Birmingham Baptist Hospital v. Branton, 218 Ala. 464, 118 So. 741, the question was raised as to statements of bias or prejudice. In Brown v. Leek, 221 Ala. 319, 128 So. 608, Atlanta Life. Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561, and Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837, the statements in question, by plaintiff's counsel, presented immaterial matter. In Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 188, 153 So. 261, the action of the court sought to be invoked was against a defendant, and speaking through Mr. Justice Knight, this Court held: "Remarks of defendant's attorney, in opening statement to jury in action against life insurance company to recover damages for fraudulent acts of defendant's agent in collecting premiums on policy, that it was only after plaintiff had 'failing out' with agent and latter failed to pay her money due that she thought company was better able to pay, held improper." Such statement introduces bias or prejudice.

We conclude the matter with the observation that due process is guaranteed by the Constitution and statutes. Constitution of 1901, § 11, Code of 1923, §§ 8593, 8594, 9498. The organic law and statutes guarantee, in a proper case, that the parties have a trial by jury, that a party may be heard in his own proper per-

son and by competent and material evidence duly introduced and by the representations of his counsel. The opening statement of counsel to the jury is made after the issues have been settled. Such statements are not a substitute for pleading nor for material evidence showing that a cause of action or defense exists. Donnelly v. Paramount Organization, Inc., 109 N.J. L. 57, 160 A. 569, 83 A.L.R. 219, and Kelly v. Bergen County Gas Co., 74 N.J.L. 604, 67 A. 21, 22; note, 83 A.L.R. 221.

The record shows that a plea of the general issue was filed for the defendants; a jury was impaneled and sworn to try the issues of fact; the opening statement of attorney for defendant raised no immoral issue of fact or which was against the public policy or which prevented the court from proceeding with a lawful and orderly trial. Under the circumstances; an action of not being "heard" was in violation of Section 11 of the Constitution, if it be held to permit the trial court to direct a verdict for appellees on the opening statement of defendant's counsel made with no thought of waiving his trial by jury. That counsel did not intend to waive such right is shown by the questions of the court to appellants' counsel and his reply, that in making the statement to the jury, counsel had merely stated what was believed to be sufficient of the evidence and what was expected to be shown thereby in order to enable the jury to understand clearly defendants' position and defense. That is, the record clearly discloses that it was not the intention of defendants' counsel to make an admission which would be accepted by the court as conclusive of his defense to preclude the introduction of evidence.

To conclude the whole case rested upon counsel's statement to the jury and to give affirmative charge because of such statement of counsel was error to reverse. It follows that the judgment of the trial court is reversed and the cause is remanded for a trial by jury on the pleading and evidence.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN, BROWN, and FOSTER, JJ., concur.

GARDNER, J., dissents.

KNIGHT, J., not sitting.