57 So.2d 385

**FORREST v. STATE.**

1 Div. 454.

Supreme Court of Alabama.

Jan. 3, 1952.

Rehearing Denied March 13, 1952.

M. A. Marsal and Jas. L. May, Jr., Mobile, for appellant.

98

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

FOSTER, Justice.

Appellant was convicted of murder in the first degree of Ulysses J. Alberson, and sentenced to death by electrocution. It comes here under the automatic appeals statute. Title 15, § 382(1), Code 1940, Pocket Part.

When persons who had been drawn for jury service on the trial were being qualified, the juror Habeeb addressed a remark to the judge and the following occurred: "Your honor, sir, is this Mr. Alberson the same fellow that used to work at the Y. M. C. A. about fifteen years ago? Well I knew the man and I know him to be a good man and I am afraid that if he was". Thereupon a spectator in the presence of the venire "made some affirmative remark." Record pages 13, 14 and 200. Defendant's counsel then objected to "any statement in front of the jury about the character of this gentleman, and I mean no reflection on you, sir, but it is highly prejudicial and ask the court on our motion to exclude any such statement."

"By the Court: If you feel you cannot give a fair and impartial trial by reason of anything in this case why we don't want you to sit on the case.

"By Juror Habeeb: That was the reason I wanted to know about it.

"By the Court: All right.

"By Defendant's Counsel: We object further, if the court pleases, as being grounds for a mistrial as to the jury that is sitting here today, that statement as to the man, as to deceased reputation, is highly prejudicial and we sincerely ask the court to grant a mistrial on that ground.

"By the Court: I will have to overrule the motion."

Defendant reserved an exception to the ruling of the court.

There was no motion made by defendant's counsel that the court give instruction to the other persons appearing on the venire, and none appear to have been given.

■ A trial does not begin until the jury panel is completed and the jury sworn. But the court should be careful to see that accused is accorded all rights preparatory to his trial. 23 C.J.S., Criminal Law, § 927, page 206.

■ The trial proper had not begun and so the motion to exclude an objection to the statement of the venireman was inapt.

But the court should be glad to see that no prejudicial influence occurs at that stage of the proceeding as well as after the trial begins, whether there is a motion made or not, or whether the motion is apt. Title 15, § 382(10), Code 1940, Pocket Part; Powell v. State, 224 Ala. 540, 141 So. 201; Hendry v. State, 215 Ala. 635, 112 So. 212. But defendant's counsel did insist on a "mistrial" on account of the prejudicial effect of the occurrence. However, we see nothing in that situation which probably affected the result of the trial. The court might have given instructions to the jurors in that respect, and doubtless would have done so had he been requested.

■ The record shows that the rebuttal statement of the solicitor to the jury of what he expected the evidence to be, contained the following: "The only thing in answer to that, gentlemen, we don't expect the evidence to show you that it was an unfortunate occurrence, that it occurred at the hands of an insane man; we expect the evidence to show you, as I said awhile ago, it was murder in the first degree, wilful, deliberate, premeditated, unlawful, malicious, and done for the purpose of robbery, and that this insanity business is the only defense that he could come into this Court room with—."

Objection was made to this by defendant's counsel because it was argumentative, and defendant also requested the court to instruct the jury to disregard the statement as being argumentative. The court overruled the objection, and defendant excepted.

This evidently was the solicitor's reply to the opening statement of defendant's counsel to the jury. The record does not show any other feature of the opening statement of the solicitor or of defendant's counsel.

As we interpret the excerpt to which objection is made, it is that since the State expects to prove that defendant did unlawfully, wilfully, deliberately and with premeditation and malice, kill the deceased, the only other defense open to him is insanity. That is not an incorrect statement of the law, and is not subject to the objection that it is argumentative. There is no discussion necessary in that respect, we think. The right to make a preliminary statement is an incident to representation by counsel and is a matter of right in proper bounds, largely in the sound discretion of the trial court. Wilkey v. State ex rel. Smith, 238 Ala. 595, 192 So. 588, 129 A.L.R. 549, and cases there cited, including Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261.

The statement was in the nature of a forecast as to what issues the jury would be called on to decide. It was in no sense a statement of facts which were incompetent, and not akin to an argument based on matter not in evidence. We think the trial court did not abuse his discretion in this respect.

■ Defendant was being tried in Mobile. The State was permitted to prove by the chief of police of Pascagoula, Mississippi, which is a neighboring city to Mobile, that two of his men (deputies) arrested defendant, carried him to the station where the witness saw him, and that the witness knew him and recognized him as defendant Levert Forrest.

There was objection, which was overruled, and exception reserved. The theory is that it was unfavorable for defendant to be known to the chief of police, for that presumably the jury may infer that he had been charged with or convicted of crime in that city. This evidence merely identified defendant as Levert Forrest. That was a matter which was subject to proof, although merely cumulative and in fact not denied. We see no reversible error in the ruling.

We have given careful consideration to the record on this appeal. We find that all the proceedings were conducted as required by law, without reversible error or injustice appearing. The verdict was amply supported by the evidence. The judgment of conviction and sentence is affirmed. The time set for the execution of appellant having passed, it is ordered that it be carried into effect on Friday, the 29th day of February, 1952.

Affirmed.

All the Justices concur.