CARROLL, Judge.
This was an action for personal injuries filed in the circuit court in Dade County. It grew out of a collision between an automobile and a train of the defendant Florida East Coast Railway Company, hereinafter referred to as the railroad.
Plaintiff Philip Plaks was the driver of the automobile. Plaintiff Helena Plaks, his wife, was a passenger therein. They sued the railroad and one Robert L. Parker, alleged to be the engineer, and charged defendants with negligence proximately resulting in their losses and injuries. The defendants denied negligence and pleaded contributory negligence and assumption of risk. On trial before a jury a verdict was directed for the defendant Parker at the close of the plaintiffs’ case, and the jury rendered a verdict of not guilty in favor of the defendant railroad. Motion of plaintiffs for new trial was denied, and they appealed.
The directed verdict in favor of Parker was granted because it was not shown in the evidence that Parker was the engineer of the train. Appellants contend it was not necessary to present that fact in evidence because defendants’ attorney, in his opening address to the jury at the commencement of the trial, stated that Parker was the engineer on the train. Defendants’ attorney prefaced his address to the jury at the opening of the case by saying his statements were not evidence, and the record shows that the facts he recited were those which he told the jury the evidence would disclose. As was said in 88 C.J.S. Trial § 161b, p. 318, “opening statements of counsel are not per se admissions in the technical sense, and a mere statement or outline of anticipated proof on any one or more of the issues is not to be regarded as a binding admission so as to conclude the party or dispense with the necessity of proof on such issue.” In the circumstances presented the trial judge was not in error in directing a verdict for the defendant Parker. See Wilkey v. State ex rel. Smith, 238 Ala. 595, 192 So. 588, 129 A.L.R. 549; Davidson v. Gifford, 100 N.C. 18, 6 S.E. 718, 721; Evans v. Sears, Roebuck & Co., Mo. App.1939, 129 S.W.2d 53, 57; Russ v. Wabash West Ry. Co., 112 Mo. 45, 20 S.W. 472, 18 L.R.A. 823.
*218 On the issue of negligence of the defendant railroad, the evidence was conflicting. It was the jury’s province to resolve the conflicts and to judge the weight of the evidence and the credibility of the witnesses. Refusal of the trial judge to reject the verdict on motion for new trial shows his approval of it as being supported by the evidence and not against the manifest weight of the evidence. Our examination of the record leads us to a like conclusion. We have considered other questions presented, in the light of the record and briefs, and find them to be without merit. The contention in point No. VI of appellant’s brief that the trial court erred in charging the jury regarding one’s duty to see that which he should have seen does not merit consideration because, as pointed out in appellee’s brief and shown by the record, of absence of objection.
Accordingly the judgment appealed from is affirmed.
Affirmed.